EDWIN C. PALMER, Administrator, vs. JOHN D. POLLOCK, Executor.

## March 31, 1880.

Appeal from Probate Court—Pleadings—Admissions—Findings.—When an appeal from a probate court to a district court is tried upon the petition, order to show cause, and answer, originally filed in the probate court, without any formal pleadings, those papers take the place of pleadings in the district court. In such circumstances, the rule applicable to formal pleadings—to wit, that it is not necessary for the court to find that which is admitted in the pleadings, but the allegations admitted stand as if found to be true—applies to such papers.

Deceased Surety of Deceased Defaulting Adm'r—Contingent Claim.—O'Gorman v. Lindeke, ante, p. 93, followed and applied to this case. Paine, having been appointed administrator of the estate of C., gave the usual administration bond, with McL. as one of his sureties. McL. died testate, and Pollock was appointed his executor. Both estates, that of C. and that of McL., were in process of settlement in the probate court of Ramsey county, in the exercise of a lawful jurisdiction. Default was made in the condition of Paine's administration bond. Held, that upon such default, a claim accrued in favor of the estate of C. against the estate of McL. This claim having accrued long after the expiration of the time limited for creditors of the McLean estate to present their

. claims to the commissioners appointed in that behalf, *held*, that it was a contingent claim, such as is mentioned in Gen. St. 1878, *c.* 53, § 49, and therefore properly presentable to said probate court for allowance as in that section provided.

Same—Remedies against Estate of Surety—Suit on Bond.—*Held*, that under Gen. St. 1878, *c.* 55, §§ 6, 9, 10, it was competent for the judge of probate, in the circumstances above detailed, to cause Paine's administration bond to be prosecuted in his own name, or to cause the claim of the estate of C. thereunder to be presented to him, as judge of probate, as a claim in favor of the estate of C. against the estate of McL., though not formally in the name of any person. In the latter case it is not necessary that any formal permission to prosecute the bond be given by the judge of probate.

Same—Rights of Adm'r de bonis non. — Gen. St. 1878, *c.* 55, §§ 6, 9, 10, show, among other things, that an administrator *de bonis non* may properly be entitled to recover the amount collected upon his predecessor's administration bond. Hence, it follows that such administrator *de bonis non* is a proper party, by petition to the probate court, to set in motion proceedings which will result in such collection. Section 10 also shows that the money to be collected on such bond is properly directed to be paid to the administrator *de bonis non*, to be disposed of by him according to law, for the payment of the debts of his decedent or otherwise.

Plaintiff, administrator, with the will annexed, *de bonis non* of the estate of Samuel G. P. Craig, presented to the probate court for Ramsey county, for allowance against the estate of Nathaniel McLean, a claim for $4,510.90, being the amount theretofore found due to the estate of Craig from a former administrator thereon, one Parker Paine, (on whose bond as administrator McLean was a surety,) and which had never been paid over. The claim was allowed by the probate court whose judgment was, on appeal, affirmed by the district court, after a trial before *Simons*, J., a jury being waived, and the defendant (McLean's executor) appealed. A suit on Paine's bond, against the surviving surety, is reported as *O'Gorman* v. *Lindeke, ante*, p. 93.

*W. K. Gaston* and *Williams & Davidson*, for appellant.

*Chas. N. Bell*, for respondent.

BERRY, J. On April 9, 1866, Parker Paine was appointed by the probate court of Ramsey county administrator, with

the will annexed, *de bonis non* of the estate of one Craig, and gave the usual joint and several administrator's bond, with McLean and Lindeke as sureties. Paine died on August 17, 1875, and administrators of his estate were appointed. On February 17, 1876, Palmer was appointed administrator, with the will annexed, *de bonis non* of the Craig estate. Paine was ordered to render a final account of his administration on April 2, 1875. The hearing upon this order was continued from time to time, and, by the consent of all parties interested, including the attorneys for Paine's administrators, came on before the judge of probate for Ramsey county, on December 28, 1876. At that time the judge of probate found and allowed a balance of something over $2,500 as due to the Craig estate. Palmer, as administrator, and Craig's widow, who was a residuary legatee under Craig's will, appealed from this determination to the district court, on questions of both law and fact. The appeal was tried, and on March 9, 1878, judgment rendered, determining, in substance, that Paine was indebted to the Craig estate for a balance upon his account as administrator, of $4,510.91. No part of this amount has ever been paid into the probate court, nor any account given as to where it could be found, or how it has been invested. The district court found that prior to August 11, 1869, Paine had converted $2,975.86 of the same to his own private use and benefit. The remainder ($1,666.48) is interest allowed by the district court upon said sum of $2,975.86. Paine's administrators, having been called upon, by an order of the probate court of March 25, 1878, to bring into court the amount found due as aforesaid to the Craig estate, answered that they had never had in their possession, or under their control, any money or assets of the Craig estate. Paine's estate is insolvent.

McLean, one of the sureties upon Paine's bond, died testate, April 11, 1871. On July 8, 1871, his will was admitted to probate, and letters testamentary issued to Paine and one Pollock, the present appellant. Ever since Paine's death

Pollock has been sole executor. On the same day commissioners to hear and adjust claims against McLean's estate were appointed, (six months being allowed for the presentation of claims,) and they made and filed a report of their doings in the probate court. No claim on behalf of the Craig estate, on account of McLean's suretyship, was presented to the commissioners. On March 28, 1878, Bell, as attorney of Palmer, administrator aforesaid, and of Sarah, Craig's widow, presented to the probate court of Ramsey county a petition, setting forth in general the foregoing facts, and, in addition, alleging that Pollock, as executor, has a small amount of property belonging to the McLean estate not disposed of; that he is making large disbursements out of the property of said estate, under the will; and that, if no further disbursements are made, he has sufficient to satisfy the claim of the Craig estate upon the bond aforesaid. Upon these grounds the petition asks the probate court, upon a hearing, to audit and allow the amount found due the Craig estate, as aforesaid, as a claim against the McLean estate; to direct Pollock, the executor, to show cause why such claim should not be allowed, and why such other order as may be just and proper should not be made, etc.

Upon the filing of the petition, the probate court issued an order, reciting the leading facts of the petition and a default in the conditions of Paine's administration bond, and requiring Pollock, as executor aforesaid, to show cause on the third day of April, 1878, why the amount found due the Craig estate, as aforesaid, should not be allowed as a claim against the McLean estate, and why such further and other order as might be proper upon such petition should not be made. This order was served upon Pollock, who appeared in answer thereto, and at his request the hearing was postponed to April 10th. On that day, after Pollock had filed his answer to the order to show cause, but before a hearing upon the petition, the judge of probate made an order directing that Paine's administration bond be prosecuted in the name of the judge

of probate of Ramsey county, to the end that the money found due the Craig estate, as aforesaid, and interest and charges, be collected and applied in the same manner as it should have been applied by Paine. The order further authorized Palmer and Bell, as attorneys, to prosecute the bond.

The matters involved and issues raised by Bell's petition, and Pollock's answer to the same, were heard and tried by the probate court on April 10, 1878, and on May 16th, following, said court ordered and adjudged that the sum of $4,510.91, found to be due the Craig estate upon the final settlement of the final account of Paine as administrator of said estate, be allowed as a legal and valid claim against the estate of McLean, together with interest thereon from March 9, 1878; and further ordered and directed Pollock, executor as aforesaid, to pay the same, or such part thereof as the assets of said McLean estate which were in his hands March 29, 1878, would permit, to Palmer, as administrator as aforesaid. From this judgment of the probate court Pollock appealed to the district court, upon questions of both law and fact. Upon the trial of the appeal, the district court, in addition to the foregoing facts, with an exception hereafter noted, found that administration of the estate of McLean is not yet concluded, and that there is real and personal property belonging to said estate, not yet sold, disposed of, or distributed; that in October, 1874, Paine, being insolvent, assigned his property for the benefit of creditors; that on August 1, 1878, the assignee tendered to Palmer, administrator as aforesaid, on account of the aforesaid claim of the Craig estate against Paine, $435.10, being a *pro-rata* dividend thereon of ten per cent.; that the tender was refused, and that the assignee has ever since been, and now is, ready to pay the sum tendered to said Palmer, and that the estate of Paine is insolvent.

As conclusions of law, the district court found, *first*, that Paine's conversion of said sum of $2,975.86 of moneys belonging to the Craig estate, and which had been received by

him as administrator aforesaid, was a breach of the conditions of his administration bond; *second*, that the judgment for $4,510.91, rendered March 9, 1878, upon the final adjustment and settlement of Paine's administration account, is a valid and subsisting claim against the McLean estate, and should be so allowed, with a deduction of $435.10, being the amount tendered to Palmer by Paine's assignee; *third*, that judgment should be entered, adjudging the allowance of said sum of $4,510.91, with interest at 7 per cent. per annum from March 9, 1878, less $435.10, as a claim against the McLean estate; and that the same, or such part thereof as the assets which he has to use for that purpose will pay, be paid by said Pollock, executor as aforesaid, to said Palmer, administrator as aforesaid. Judgment was entered accordingly, and Pollock appeals to this court.

The district court did not find (and this is the exception just mentioned) that Paine's administrators were ordered to bring into the probate court the amount found due as aforesaid from Paine to the Craig estate, nor that they responded to the order by saying that they never had any money or assets of the Craig estate in their possession or under their control. But it will be observed that the matter of the allowance of the claim against the McLean estate was heard and tried in the district court without any formal pleadings, but upon Bell's petition, and the order to show cause, and Pollock's answer. These papers took the place of pleadings on the appeal. They were so treated by the parties and the court, and must be so treated here; so that, as the order upon Paine's administrators to bring in the amount mentioned into court, and their answer to the same, are set up in the petition and recited in the order to show cause, and the allegations are nowhere controverted in Pollock's answer, they are to be taken as admitted; and as, in accordance with the rule laid down in *Brainard* v. *Hastings*, 3 Minn. 30 (45,) and *Dickinson* v. *Kinney*, 5 Minn. 332 (409,) it is not necessary to find that which is admitted in the pleadings, the

allegations stand just as if they had been found to be true by the district court.

The case of *O'Gorman* v. *Lindeke, ante,* p. 93, which was an action upon Paine's administration bond, disposes of many of the points made by the appellant in this case, and, among other things, it is there settled that the omission of Paine's administrators to obey the order directing them to pay into the probate court the amount adjudged by the district court to be due the Craig estate, upon the final account of Paine's administration, is a breach of Paine's administration bond, for which an action will lie. This omission occurred in March, 1878, and, as the present proceeding against the McLean estate was commenced during the same year, there is no foundation in fact for the appellant's position that the claim in controversy is barred by the statute of limitations.

One of the main points made by the appellant is that the probate court has no jurisdiction of an action or proceeding upon an administrator's bond; but that such action or proceeding must be instituted in a district court. We think it has the jurisdiction as a part of its general "jurisdiction over the estates of deceased persons." The bond in this instance was given for the benefit of the Craig *estate,* and, in the exercise of its jurisdiction over that estate, we see no reason why it is not proper for the probate court to take and authorize to be taken whatever proceedings are allowed by statute for the purpose of making the bond effectual for the purposes for which it was given. The cause of action upon the bond was a claim against the McLean estate, and, in the exercise of its jurisdiction over that estate, we can conceive of no reason why it was not competent for the probate court to pass upon and allow it. As respects this authority of the probate court, there is no distinction between a claim against the estate of a surety upon an administrator's bond, and a claim against the estate of the same person upon any ordinary bond or obligation. The claim of the Craig estate was a contingent claim against the McLean estate—that is to say, it was a claim, the

operative existence of which depended upon the contingency of a default upon the part of the administrator, Paine, or, as in this case, of his administrators, to fulfil the conditions of the administration bond. This claim accrued and became absolute upon the omission of Paine's administrators to obey the order requiring them to bring the amount due the Craig estate, as aforesaid, into the probate court, and long after the time limited for creditors of the McLean estate to present their claims to the commissioners appointed in that behalf. It was therefore such a claim as is mentioned in Gen. St. 1878, c. 53, § 49, and, therefore, properly presentable to the probate court for allowance, as in that section provided.

By Gen. St. 1878, c. 55, § 6, when an administrator omits to perform any order made by a judge of probate for rendering an account, or upon a final settlement, the judge of probate may cause the bond of such administrator to be prosecuted, and the moneys collected thereon to be applied in such manner as they ought to have been applied. By section 9, if judgment is rendered for the plaintiff in any action upon such bond for not performing any order mentioned in section 6, execution shall be awarded, etc.; and by section 10, all moneys received on any execution so issued on a judgment in favor of the judge of probate shall be paid over to such person, other than the defendant, as shall then be the rightful executor, administrator or guardian, and such moneys shall be disposed of according to law.

Under these provisions of statute, it was competent for the judge of probate to cause the bond in this case to be prosecuted in his own name, or where, as in this case, it was prosecuted by presenting a claim founded upon it to the judge of probate for allowance, by causing such claim to be presented as a claim in favor of the Craig estate, though not formally in the name of any person. In such circumstances we do not think it necessary that the judge of probate should pursue the course prescribed by Gen. St. 1878, c. 55, § 7, by granting permission to some person to prosecute the bond in his own

name.  The judge of probate, in causing the bond to be prosecuted under section 6, may be said to cause it to be prosecuted by himself, and this he need not grant himself permission to do.  If there be any doubt about this, however, we see no reason why the permission given in this case to prosecute the bond was not sufficient.

To the mode of prosecution adopted in this instance we discover no valid objection.  Indeed, it is not altogether certain that any other mode would have been proper.  The McLean estate was in course of administration, and, as we have before seen, the claim in this case was such a claim as is referred to by Gen. St. 1878, *c.* 53, § 49, which provides for its presentation for allowance to the judge of probate.

Many other points made by the appellant are disposed of by sections 6, 9 and 10, before quoted from chapter 55, Gen. St. 1878.  Among other things, these sections show that an administrator *de bonis non* may properly be entitled to receive the amount collected upon his predecessor's administration bond, from which it would seem to follow that such administrator *de bonis non* is a proper party, by petition to the probate court, to set in motion the proceedings which will result in such collection.  Section 10 also shows that the money to be collected on such bond is properly directed to be paid to the administrator *de bonis non*, to be disposed of by him according to law, for the payment of the debts of his decedent, or otherwise.  This disposes of all the positions taken by the appellant which appear to us to require to be discussed; and the result is that the judgment of the district court is affirmed.