F. W. BERGMEIER *et al. vs.* L. A. EISENMENGER *et al.*

Submitted on brief by appellants, argued by respondents, Oct. 16, 1894. Affirmed
Nov. 20, 1894.

No. 8861.

**Complaint held not to state a contract.**

*Held*, the complaint does not show the contract sued on to have
been executed by both parties.

**Nor does it allege performance by plaintiff.**

The allegation that the plaintiff "has fully complied with and per-
formed all the stipulations and conditions of said contract, and each
and every of the same, by them to be kept and performed," does not
cover the acts of a third person, through whose default plaintiff may
not be in position to recover on the contract when by its terms he is
not bound in case of such default.

Appeal by plaintiffs, F. W. Bergmeier and Robert Willius, from
an order of the District Court of Ramsey County, *J. J. Egan*, J.,
made March 22, 1894, sustaining a demurrer to their complaint.

The complaint states that on June 30, 1890, the defendant L. A.
Eisenmenger entered into a contract with plaintiffs, by which he
agreed to canvass for and sell within a year in Hennepin County
1,900 copies of a work called "Stanley's Darkest Africa," in two
volumes, at $7.50 or higher per copy according to binding. He was
to have for his services one third of the gross amount of sales.
The other defendants guaranteed the faithful performance of the
contract by Eisenmenger. The complaint then states how the con-
tract was made, that Eisenmenger wrote a letter to plaintiffs offer-
ing to become their agent on the terms above stated upon their
issuing to him a certificate of such agency signed by them. A copy
of this letter is attached as Exhibit A, but the complaint fails to
allege that plaintiffs accepted the offer or issued to him the cer-
tificate.

The complaint further states that plaintiffs performed the con-
tract on their part, that they had an agreement with Charles Scrib-
ner's Sons, the publishers, by which they obtained the exclusive
sale of the work in Minnesota, and were to have for their services
forty two and a half per cent of the gross amount of money realized

from sales, that Eisenmenger sold within the year only 246 copies, that by his failure to perform plaintiffs lost eight and two thirds per cent of the price of 1,636 copies amounting to $1,124.75 for which sum they ask judgment against Eisenmenger and his sureties. But the copy contract attached to the complaint showed that if plaintiffs were unable to obtain from the publishers sufficient copies of the work to supply all their agents in the state, then they were to have further ample time to procure such copies without incurring any liability for damages, for the delay, however long it might be. Nor did the complaint allege that plaintiffs were ready or able to supply Eisenmenger in due time with copies of the work as he required them. Defendants demurred to this complaint and the court sustained the demurrer with leave to amend within twenty days. Plaintiffs appeal.

*Warner, Richardson & Lawrence,* for appellants.

The contention in the court below was that the contract in question is void for want of mutuality, under the rule as laid down in *Bailey* v. *Austrian,* 19 Minn. 535; *Tarbox* v. *Gotzian,* 20 Minn. 139; *Stensgaard* v. *Smith,* 43 Minn. 11.

The contract is not *nudum pactum.* It was executed so far as the plaintiffs are concerned by the appointment of Eisenmenger as sole agent for the sale of the work in Hennepin County for a year. The plaintiffs were bound to furnish the books unless prevented by some cause beyond their control, and were to allow Eisenmenger thirty three and one third per cent of the subscription price. The contract had been in part executed by the defendant. He made requisition for 264 copies of the work under it. *Andreas* v. *Holcombe,* 22 Minn. 339; *Minneapolis Mill Co.* v. *Goodnow,* 40 Minn. 497; *Stensgaard* v. *Smith,* 43 Minn. 11; *Hudson Canal Co.* v. *Pennsylvania Coal Co.,* 8 Wall. 276; *Lewis* v. *Atlas Mut. Life Ins. Co.,* 61 Mo. 534; *Jones* v. *Binford,* 74 Me. 439; *Nott* v. *Johnson,* 7 Ohio St. 270; *Webster* v. *Ellsworth,* 36 Fed. Rep. 327.

*Kueffner, Fauntleroy & Searles,* for respondents.

The complaint is based upon a writing, Exhibit A., in form a letter addressed to plaintiffs, signed only by defendant Eisenmenger wherein he offers to accept an agency for and to sell 1,900 copies

of the book. But the contract nowhere provides that plaintiffs shall furnish the books. They do not agree that the books shall be published. Any inference which might be drawn from the whole tenor of the writing, and from the clauses referring to what plaintiffs should do, is annulled by the express provision that Eisenmenger is not to hold plaintiffs liable for failure to consign the books in accordance with his requisitions, when such failure arises through no fault of plaintiffs, but in case of such failure the time for making requisitions and remitting is to be extended until notice is given that plaintiffs are prepared to consign the books. If one person offers to buy, to make a bargain the other must accept and agree to sell. *Bailey* v. *Austrian,* 19 Minn. 535; *Tarbox* v. *Gotzian,* 20 Minn. 139; *Andreas* v. *Holcombe,* 22 Minn. 339; *Ellsworth* v. *Southern Minn. Ry. Ex. Co.,* 31 Minn. 543; *Stensgaard* v. *Smith,* 43 Minn. 11; *Orr* v. *Ward,* 73 Ill. 318; *Tucker* v. *Woods,* 12 Johns. 190.

Plaintiffs simply aver the making of the contract and their fulfillment of all the conditions by them to be performed. They do not allege that they were ready, willing and able to furnish the books, or did furnish them, and the contract provides that they are not liable when such failure arises through no fault of theirs.

GILFILLAN, C. J. The complaint is defective in two particulars:

*First.* It does not show any contract between the parties. What it calls a "contract" (Exhibit A) was a letter from defendant to plaintiffs, setting forth evidently all the terms proposed for a contract between the parties. It contained this clause, "I understand that this acceptance by me, when confirmed by a certificate of agency signed by you, constitutes an agreement of agency between us for the sale by subscription of the above-named work in said territory, and that the terms and limits of such agency are as hereinafter stated." The complaint does not show that any certificate of agency was signed, or that in any other manner, understood and assented to by both parties, for the purpose, Exhibit A became a contract binding both.

*Second.* The breach alleged is in effect the failure of defendant to make requisition on plaintiffs for and remit for the stipulated number of copies of the book within the stipulated times. But it is not alleged that plaintiffs had the copies to deliver on requisition,

or that they could have delivered them; and certainly, until able to deliver them, they could not maintain an action for failure to make requisition for and remit—i. e. pay—for them.

This point is not covered by the general allegation in the complaint that the plaintiffs "have fully complied with and performed all the stipulations and conditions of said contract, and each and every of the same, by them to be kept and performed." For the plaintiffs might have done all that they were to do under Exhibit A, and yet not be entitled to recover. They did not own the copies of the book, but expected to procure them from a third person; and Exhibit A does not purport to bind them absolutely to procure them for delivery to defendant. It, being addressed to plaintiffs, contains this clause: "And to not hold you liable for damage for failure to consign said books in accordance with my requisitions, when such failure arises through no fault of yours; but in case of such failure on your part my time for making requisition and remitting is to be extended until you notify me that you are prepared to consign the books." The plaintiffs might have been unable to deliver the copies through no fault of their own, but wholly through the fault of the person from whom they expected to procure them. The allegation quoted from the complaint does not cover the acts of that party.

Order affirmed.

(Opinion published in 60 N. W. 1097.)

