WILLIAM W. EDWARDS *et al. vs.* HARDWOOD MANUFACTURING Co.

Submitted on briefs Oct. 2, 1894.   Order modified Nov. 20, 1894.

No. 8884.

**Findings supported by the evidence.**

Certain findings of fact *held* supported by the evidence.

**Freight on goods sent but not ordered.**

Plaintiffs, claiming to have sold to defendant certain goods free on board cars, when in fact they had not, shipped them to it. It had previously disclaimed the purchase, but received the goods, paying the freight and

other charges, and gave plaintiffs notice that it would hold the goods subject to their order. Plaintiffs never consented to its receiving or holding them except as purchasers. *Held,* in an action by plaintiffs to recover as upon a sale, the defendant cannot recover as a counterclaim the freight and other charges so paid.

Appeal by plaintiffs, William W. Edwards, John Edwards and Isaac N. Bushong, from an order of the District Court of Hennepin County, *Charles M. Pond,* J., made March 9, 1894, denying their motion for a new trial.

The plaintiffs manufacture staves at Mancelona, Mich. They brought this action July 29, 1893, to recover of defendant, Hardwood Manufacturing Company, a corporation manufacturing flour barrels at Minneapolis, pay for four carloads of barrel staves shipped to it in March, 1893, from Mancelona at $5.80 per thousand free on board cars at plaintiffs' mill. Defendant answered that it never ordered these four car loads, that they were sent to it by plaintiffs through their mistake, that to save them demurrage it received the staves, paid the freight, $353.73, and transfer charges, $7.50, stored the staves and notified plaintiffs. Soon after, defendant wrote plaintiffs that it would try to dispose of the staves for them to best advantage, if they so desired. Plaintiffs gave no instructions and the staves remain stored. Defendant also claimed it had inadvertently overpaid plaintiffs $59.12 on a former purchase of fifteen car loads of other staves and it demanded judgment against plaintiffs for the freight, transfer charges and overpayment, in all $420.35. Plaintiffs replied and the issues were tried October 24, 1893. The parties waived a jury. The court made findings and ordered judgment for defendant for the amount of its counterclaims with interest and costs. Plaintiffs moved for a new trial. Being denied they appeal.

*Benj. Davenport,* and *Penney, Welch & Hayne,* for appellants.

Under the evidence the court should have found that the last four cars were delivered to defendant and accepted by it; that defendant should not have been allowed for freight and other charges which it paid, as it was required under the contract of sale to pay those charges. The staves were delivered F. O. B. at plaintiffs' mills.

In paying the freight and other charges without any request of plaintiffs and when it had been informed that they claimed delivery under the contract, it made a voluntary payment for which it cannot recover.

*Wilson & Van Derlip*, for respondent.

Defendant is entitled to recover the overpayment of $59.12. Plaintiffs wrote defendant May 19, 1893, that, being in need of funds, they had drawn upon defendant for $2,000. When the draft was presented defendant refused to accept it. Not desiring to retain from plaintiffs at such a financial pinch any moneys to which they were entitled, defendant's manager asked the bookkeeper what amount was owing on the staves purchased from plaintiffs. He was informed that it was a little over $1,800 and accordingly he sent to plaintiffs a draft for that amount. Further investigation disclosed that when the draft was sent, defendant was owing plaintiffs only $1,740.88. Under these circumstances it is submitted that defendant acted under a mistake of fact and is entitled to recover the overpayment. *Lawrence* v. *American Nat. Bank*, 54 N. Y. 432; *Indianapolis* v. *McAvoy*, 86 Ind. 587; *Lyle* v. *Shinnebarger*, 17 Mo. App. 66; *Dobson* v. *Winner*, 26 Mo. App. 329; *Glasscock* v. *Rosengrant*, 55 Ark. 376; *Devine* v. *Edwards*, 87 Ill. 177; *McMurtry* v. *Kentucky Cent. R. Co.*, 84 Ky. 462; *Alston* v. *Richardson*, 51 Tex. 1; *Guild* v. *Baldridge*, 2 Swan, 295; *Sharkey* v. *Mansfield*, 90 N. Y. 227.

Defendant is entitled to recover the amounts paid for freight and other charges on the overshipment of four cars. There is an implied request to, or implied authority in, a consignee of property to pay the transportation charges upon and take care of it, where no notice or request so to do is extended by the shipper.

The consignors are estopped from asserting that the payment of charges was unauthorized since it was the direct result of their own act in making the consignment. Authority to pay such charges is implied of necessity in the act of consignment.

GILFILLAN, C. J. The action is to recover the price of nineteen car loads of barrel staves sold and delivered by plaintiffs to defendant free on board cars.

The answer denies the sale of more than fifteen car loads, and sets up as counterclaims—*First*, an overpayment by mistake when paying for the fifteen car loads. *Second*, that plaintiffs shipped to it four car loads which it had not ordered, and that it paid the freight and other charges, notifying plaintiffs that it would try to dispose of the four car loads for them, if desired.

The communications between the parties were entirely by letters and telegrams. In respect to the number of car loads defendant ordered sent to it, the letters and telegrams are not so definite and precise as might be expected in business transactions. This, we think, was occasioned to some extent by delay of plaintiffs in making shipments of the car loads ordered. We suspect plaintiffs mistook for new orders what was intended as urging them to hurry the shipment of car loads already ordered, or as directing the destination of those already ordered. The court below was right in finding as a fact that only fifteen car loads were ordered by defendant, and it was also right in finding as a fact that defendant, through an error in calculating, made an overpayment on the fifteen car loads.

In respect to paying the freight and other charges on the four car loads, the defendant stands in the position of a volunteer. It could recover from plaintiffs the sums so paid only if paid at their request, express or implied, or if they subsequently ratified the payment as made in their behalf. There is no finding of any such request or ratification, or of any facts that would amount to such, nor would the evidence sustain any such finding. The facts are: The plaintiffs, claiming the four car loads had been ordered, when in truth they had not been, forwarded them to defendant, who, on their arrival, protesting that it had not ordered them, received them, paying the charges, and gave notice to plaintiffs that it would hold them subject to their order. The plaintiffs never consented that it should receive and hold the car loads for them, nor in any other way than as its own property. The case is different from a sale by sample or description, the goods to be forwarded to the purchaser, in which case there is implied authority to the purchaser to receive the goods so far as necessary for proper inspection, and to pay whatever transportation charges he may be required to pay in order to such receipt and inspection.

The court below will modify its direction for judgment by striking out the amount allowed for freight and other charges on the four car loads.

(Opinion published 60 N. W. 1097.)