## C. B. ENKEMA & COMPANY v. SCHOOL DISTRICT NO. 6, ITASCA COUNTY, AND OTHERS.[1]

December 2, 1927.

No. 26,368.

**Finding sustained that certain school district warrants were unpaid.**
    Finding of nonpayment of certain school district warrants sustained and considered decisive of case.

Schools and School Districts, 35 Cyc. p. 985 n. 35.

Action in the district court for Itasca county to enjoin the payment of certain warrants of the defendant school district until certain warrants held by the plaintiff were paid. The case was tried before McClenahan, J. who found for plaintiff. Defendants appealed from an order, Stanton, J. denying their motion for a new trial. Affirmed.

*R. A. McOuat,* for appellants.

*Washburn, Bailey & Mitchell,* for respondent.

PER CURIAM.

Defendants are a school district of Itasca county, its chairman, clerk and treasurer. Plaintiff, the holder of numerous warrants of the school district, sues for an injunction which will in effect require the payment of plaintiff's warrants out of the funds of the district as they are available. After findings for plaintiff, defendants ap-

[1]Reported in 216 N. W. 789.

peal from the order denying their motion for amended findings or a new trial.

The original validity of the warrants is not questioned. The payees cashed them at the Farmers State Bank of Deer River, a duly designated depository of the school district. At no time was the treasurer or any other officer of the district an employe or officer of the bank. As the warrants were cashed, the bank paid for them with its own funds and thereafter handled them as its own securities. This was the well established custom. The warrants now sued upon were purchased by plaintiff from the bank in due course of business and paid for at full value. The bank owned them and had a right to sell them. Compare Solway State Bank v. School Dist. No. 26, 170 Minn. 83, 212 N. W. 25. The finding that none of the warrants have been paid must stand and is decisive.

The question of plaintiff's right to interest is discussed in the briefs. But at the oral argument counsel for defendants conceded that if plaintiff could recover at all, it was entitled to interest, so that point is out of the case.

Order affirmed.