## MARQUETTE TRUST COMPANY AND ANOTHER v. O. F. DOYLE AND OTHERS.[1]

March 8, 1929.

No. 27,122.

[1]Reported in 224 N. W. 149.

530

See 12 R. C. L. 1064; 4 R. C. L. Supp. 783; 5 R. C. L. Supp. 673; 6 R. C. L. Supp. 737; 7 R. C. L. Supp. 402.

See 12 R. C. L. 1097; 2 R. C. L. Supp. 1550.

*Junell, Dorsey, Oakley & Driscoll,* for appellant.

*Fowler, Carlson, Furber & Johnson* and *Jesse Van Valkenburg,* for respondents.

WILSON, C. J.

H. L. Bollum, one of the defendants, appealed from an order overruling defendants' demurrer to the complaint, the order certifying the questions to be important and doubtful.

The demurrer was for insufficiency of the complaint, misjoinder of causes of action, and for another action pending. The action is to recover upon a guaranty which defendants gave plaintiffs.

On August 5, 1925, plaintiffs made a contract with the Continental State Bank of Minneapolis, known as exhibit A, which provides for plaintiffs taking over the business of the state bank and specifies that certain of its assets are to be transferred to one of the plaintiffs and certain other assets to the other plaintiff. It also provides that all the paper shall be guaranteed by the seller, that each of the plaintiffs are to assume certain amounts of the seller's indebtedness, and designates two trustees authorized to effectuate the purpose of the agreement.

On August 29, 1925, the state bank agreed in exhibit B to assign, transfer and guarantee the payment of some of its paper to the plaintiff trust company in consideration of the trust company's agreeing to pay the obligations of the state bank to certain of its depositors.

On August 29, 1925, another contract, exhibit C, was made between the state bank and plaintiff bank, of much the same tenor as exhibit B, but relating to other depositors and other paper.

On August 29, 1925, a guaranty agreement, exhibit D, was made between defendants, who are stockholders in the state bank, and plaintiffs, wherein is recited the desire of the state bank to sell to plaintiffs, and their desire to buy, and that the state bank would guarantee the prompt and full payment of all its paper at maturity. It also recites defendants' financial interests and states they are desirous of assisting in the consummation of the sale. To that end and in consideration of the sale from the state bank to plaintiffs, as therein recited, "and the sum of one dollar in hand paid" by plaintiffs, defendants executed the guaranty contract which in part contains this language:

"Now Therefore, we, the undersigned, in consideration of the premises and the sum of One Dollar in hand paid by said second parties to each of said first parties, receipt of which is hereby acknowledged, do hereby jointly and severally promise and guarantee unto said Marquette National Bank and unto said Marquette Trust Company, and each of them, that said notes, mortgages, bonds and other receivable paper, and each item thereof, so to be sold to said second parties herein will be paid in full, both of principal and interest, by the makers, endorsers or guarantors thereof at maturity, and if not so paid, shall forthwith become the joint and several obligations of the undersigned, and each of them. And the undersigned hereby expressly waive demand of payment, protest and notice of protest upon each of said obligations, and hereby consent that extension of time of payment upon any of said obligations shall not release this guaranty.

"Provided, however, that in no event shall the total sum for which the undersigned shall be liable exceed Thirty-five Thousand Dollars ($35,000.00), and if and when the sum of $35,000.00 * * *

"It is understood and agreed that said second parties shall have no right to enforce this guaranty until the Banking Department of the State of Minnesota shall have taken such steps, legal or other-

wise, as it may deem advisable to enforce stockholders' liability against the stockholders of said Continental State Bank for the payment of any obligations of said bank, including said guaranty of said bills receivable so to be purchased by said second parties hereinbefore mentioned; provided, however, that the enforcement of this guaranty shall in no event be postponed more than two years from and after this date."

The complaint contains the necessary formal averments as to the status of the parties and alleges the making of all the contracts hereinbefore mentioned as exhibits A, B, C, and D and carries copies thereof. It alleges the substantial consummation of the consolidation; specifies the unpaid obligations involved in favor of one plaintiff to be $53,242.76 and in favor of the other plaintiff $3,458.93, though duly demanded; that the commissioner of banks since August 29, 1925, has been in possession of the state bank for purposes of liquidation; that he has taken legal proceedings to enforce stockholders' liability and that an order for a 100 per cent assessment was made on June 17, 1927; that a 30-day notice for payment was promptly given; and that the commissioner is now engaged in enforcing the assessments.

The complaint alleges that plaintiffs are willing, ready and able to perform their contracts and that they have "done and performed all acts and things by them to be done and performed as recited in and required by Exhibits B and C," which are the important ones in connection with the guaranty.

■ The claim is that the guaranty is conditional and of collection only. The language of the guaranty above mentioned constitutes an absolute promise to pay, and the liabilities involved are "the joint and several obligations of the undersigned, and each of them." They also waive demand of payment and consent to extension of time of payment. Such language is not consistent with the claim that the guaranty was one of collectibility. The guaranty must be construed in the light of the circumstances under which it was given and the purpose for which it was given. Feldman v. Arnold, 158 Minn. 243, 197 N. W. 219. A reading of the entire contract of

534

guaranty in connection with the other contracts to which it relates leads us to the conclusion that the contract is an absolute guaranty of payment. It follows that plaintiffs do not owe defendants the duty of diligence in making collections, and the failure of the complaint to allege such diligence during the period of nonenforceability of the guaranty as a condition precedent to the obligations of the guarantors is not fatal. The failure to plead due diligence when it is required will result in an insufficient and demurrable complaint. But this rule has no application where the instrument, as here, is an absolute guaranty of payment.

■ The complaint pleads generally plaintiffs' performance of conditions precedent. This is sufficient. G. S. 1923, § 9273.

But appellant urges that the complaint is insufficient for want of an allegation showing that the trustees, mentioned in exhibit A, performed their duty to collect certain paper as therein defined. It is doubtful if plaintiffs' remedy depended upon the acts of the trustees within the rule of Johnson v. Howard, 20 Minn. 322 (370) ; Wilson v. Clarke, 20 Minn. 318 (367) ; Bergmeier v. Eisenmenger, 59 Minn. 175, 60 N. W. 1097. But we do not reach that point. Even though the complaint says that all the contracts were a part of the same transaction, the fact remains that the guaranty recites its own consideration; and while it relates to exhibits B and C it is in no way dependent upon the performance of exhibit A.

■ It is also claimed that the complaint does not allege that the state banking department has taken "such steps as it may deem advisable." It does allege that the acts of the commissioner resulted in an order for a 100 per cent assessment and "that the commissioner of banks is still engaged in the collection and enforcement of such assessments." This allegation is broad enough to include the usual proceedings, including the prosecution of actions to collect the assessments, and especially should the pleading be so construed in relation to a public officer doing his official duty. The word "advisable" means such steps as the commissioner deems proper or expedient. His conduct is to be regulated by his own judgment, and we may infer that he did what he deemed "advisable."

■ The appellant claims that the complaint shows upon its face that no action can be brought upon the guaranty after the expiration of two years because of the limitation clause in the contract. The guaranty is dated August 29, 1925. This action was commenced in October, 1927. The contract reads: "The enforcement of this guaranty shall in no event be postponed more than two years from and after this date."

What is the meaning of this language of postponement? Some of the notes did not mature until after August 29, 1927. But it was the obvious intention of the parties to guarantee their payment. If consistent with the language used a construction, if reasonably possible, must be given that will carry out the intention of the parties.

The preceding language shows that the plaintiffs "shall have no right to enforce this guaranty until the Banking Department of the State of Minnesota shall have taken such steps  *  *  *  as it may deem advisable." Their right to proceed was by the terms of the contract stayed until the commissioner acted. He procured the order for the 100 per cent assessment on June 17, 1927. This was the principal act within his power; all else was incident thereto. He thereupon gave the stockholders a 30-day notice of payment of the assessment as directed by the court, which expired on July 21, 1927. We are of the opinion that because of the assessment and the expiration of this 30-day period plaintiffs' cause of action upon the guaranty accrued even though the commissioner had not completed all his efforts of collection, which may possibly require years. It would be enforceable any time within six years from that time.

It is apparent that defendants did not wish their liability as guarantors enforced until seasonable efforts were first made against others who had a more direct liability. The whole contract, so far as defendants were concerned, carried a contingent liability in that they would not anticipate a loss thereon if the assets of the state bank with the amount collected from the stockholders' liability would pay its liabilities. The right of enforcement of the guaranty was postponed only awaiting the action of the commissioner. But naturally the other side apparently wished some limit to the post-

ponement, and it was written in the guaranty that the enforcement in no event was to be postponed more than two years from the date thereof. This had reference to the prior clause which made the accrual of the cause of action dependent upon the acts of the commissioner, and the subsequent clause is a limitation on the greatest time which plaintiffs must wait before they are entitled to sue on the guaranty. If the commissioner had not acted at all within the two years plaintiffs' right of action upon the guaranty would have ripened upon the expiration of the two-year period. Such was the obvious spirit and intent of all the parties to the guaranty. That would be the reasonable, probable and natural thing in view of the situation of the parties and the ultimate result to be reached in their transaction. The language was never intended to establish a limitation of two years in which the guaranty could be enforced.

■ Appellant attacks the complaint because it does not allege that the contracts involved were executed in accordance with G. S. 1923, § 7678, in that it does not allege that they were authorized by a resolution of the board of directors; that there is no allegation that the corporate seal was attached; and that there is no allegation that they are the result of routine business.

The allegations of the complaint state that the agreements were made and entered into between the parties therein named, and the copies of the contracts attached contain the usual recitals and purport to be executed by the officers. As against a demurrer such allegations in a complaint are sufficient. St. Paul Land Co. v. Dayton, 37 Minn. 364, 34 N. W. 335.

■ It is claimed that there is a misjoinder of parties plaintiff. We think not. The guaranty runs to plaintiffs jointly. Liability is limited to $35,000. If either plaintiff were out of the case defendants would necessarily wish him in. The argument is that one should have been made a defendant. Plaintiffs do not represent antagonistic or hostile interests. They agree with each other. The complaint states the claim of each, and from that the proportionate recovery is simple. Neither plaintiff could make application of money recovered without the consent of the other. The plaintiffs

prefer to stand together as plaintiffs, and the matter of allocation will be cared for when reached. No harm can come to defendants because plaintiffs sue jointly. We see no reason for holding a misjoinder, and are of the opinion that plaintiffs may thus prosecute the action.

■ The demurrer cannot be sustained upon the ground that "there is another action pending between the same parties for the same cause" [G. S. 1923, § 9251(3)] for the simple reason that this ground for a demurrer is not available when the pendency of the other action does not appear upon the face of the complaint. Somers v. Dawson, 86 Minn. 42, 90 N. W. 119. In such case the point may be raised by the answer.

■ It has been suggested that the question last above considered is not here because it was not the intention of the court to certify that particular question to this court pursuant to G. S. 1923, § 9498(4). But the question which the statute authorizes to be certified is whether the demurrer is to be sustained. The certification in this case is to be so construed. The trial court is not to certify a question as to the sufficiency or insufficiency of a particular reason for or against a demurrer. The statutory certification relates to the merits of the demurrer, and all incidental questions for or against it are before us and are necessarily involved in reaching a conclusion whether the demurrer is to be sustained or overruled.

Affirmed.