STATE EX REL. FIRST MINNEAPOLIS TRUST COMPANY v. MANLEY L. FOSSEEN AND OTHERS.[1]

June 22, 1934.

No. 29,803.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *Donald A. Holmes,* for appellant.

*H. V. Mercer,* for respondents.

[1]Reported in 255 N. W. 816.

*I. M. OLSEN, Justice.*

In April, 1924, Nicollet Syndicate, a corporation, issued $60,000 of bonds, secured by mortgage in the form of a trust deed on a leasehold of certain Minneapolis real estate. The Wells-Dickey Trust Company was the grantee and trustee for the bondholders in said trust deed and has been succeeded as such by the First Minneapolis Trust Company, appellant herein. These bonds were guaranteed by James Leck and Arthur E. Benjamin by written indorsements thereon reading as follows:

"Guaranty of Principal and Interest.

"For value received, the undersigned do hereby waive demand, protest, and notice of non-payment and do jointly and severally guarantee the payment of both principal and interest of the within bond as and when such principal and/or interest matures, and the holder shall not be bound to exhaust his remedies against the maker of said bond before proceeding to recover payment under this agreement."

James Leck died testate in 1928. Proceedings to probate his estate were commenced in the probate court of Hennepin county and are there pending. The respondents Minnesota Loan & Trust Company, Stuart W. Leck, and James A. Leck are the executors under his will. On December 4, 1928, said probate court duly made its order limiting the time to file claims in said estate to six months, and notice of such order was duly published. The time to file claims expired June 4, 1929. In October, 1930, default occurred in the payment of interest on the then outstanding bonds, and there was default in payment of taxes and ground rent on the leasehold estate, which taxes and ground rent the mortgagor, Nicollet Syndicate, was obligated to pay under the terms of the mortgage and bonds. No claim against the estate of James Leck, on account of said guaranty, was presented to the probate court within the six-months period allowed for the presentation of claims or within the one-year-and-six-months period allowed by 2 Mason Minn. St. 1927, § 8811, for extension of time to file claims. On January 15, 1931, the appellant, First Minneapolis Trust Company, petitioned the

probate court for extension of time to file claim on behalf of the bondholders against the estate of James Leck, on his guaranty on the bonds, and for leave to file such claim. Objections thereto were filed by the respondents. The petition was heard and denied by the probate court on January 28, 1931. The order and proceeding in the probate court denying said petition were by writ of *certiorari* brought to the district court for review. A motion by respondents to quash the writ was denied. After hearing, the district court made findings of fact and conclusions of law on July 11, 1933, and thereby affirmed the order of the probate court denying appellant's petition for the extension of time and leave to file the claim in question. Appellant moved for amended findings of fact and conclusions of law and, in the alternative, for a new trial. The motion was heard and denied by the district court on August 16, 1933. From the order denying said motion this appeal was taken.

Appellant presents two questions of law for consideration here: (1) It contends that this claim against the estate of James Leck, on the guaranty of these bonds, was a contingent claim, which did not become absolute or actual until there was default in the payment of interest and principal thereof, as of January 2, 1931; that, being a contingent claim, it was not required to be and could not be filed as a claim in the probate court until after the time fixed for filing claims had expired and more than one year and six months after notice given of the time fixed for filing claims; (2) that, being a contingent claim until after the time to file claims had so expired, it could nevertheless be presented to the probate court while the estate was pending in that court.

If this was not a contingent claim during the one-year-and-six-months period after notice of the order limiting the time to file claims and to apply for extension of such time, then the district court was right in affirming the order of the probate court. State ex rel. Scherber v. Probate Court, 145 Minn. 344, 177 N. W. 354, 11 A. L. R. 242; 2 Mason Minn. St. 1927, § 8812.

The guaranty, indorsed on these bonds, made by James Leck and Arthur E. Benjamin, is an unconditional guaranty by each of them of payment of the principal and interest on the bonds when such

principal and interest matures. It has added thereto the provisions waiving demand, protest, and notice of nonpayment, and that the holder shall not be bound to exhaust his remedies against the maker of the bond before proceeding to recover payment under the guaranty agreement.

A contingent claim, under our probate law, has been clearly defined in a number of our decisions.

"A contingent claim is one where the liability depends upon some future event, which may or may not happen, and therefore makes it wholly uncertain whether there ever will be a liability." Hantzch v. Massolt, 61 Minn. 361, 364, 63 N. W. 1069, 1070; Fitzhugh v. Harrison, 75 Minn. 481, 78 N. W. 95; Jorgenson v. Larson, 85 Minn. 134, 88 N. W. 439.

The guaranty here in question is a definite, unconditional contract to pay at maturity. The bonds fix the amount and the dates of maturity of principal and interest. There is nothing contingent or uncertain.

Anyone unconditionally agreeing to pay a note or bond or other obligation is primarily liable thereon. 2 Mason Minn. St. 1927, §§ 7236, 9411; Midland Nat. Bank v. Security Elev. Co. 161 Minn. 30, 200 N. W. 851; Singer v. Singer, 173 Minn. 57, 214 N. W. 778, 216 N. W. 789. Indorser of note, waiving protest, etc., is primarily liable. Dunnigan v. Stevens, 122 Ill. 396, 13 N. E. 651, 3 A. S. R. 496. If an indorser is liable, so is a guarantor. Hammel v. Beardsley, 31 Minn. 314, 17 N. W. 858. A guaranty predicated on no contingency is an absolute contract to pay. Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161; Wood Machine Co. v. Ascher, 103 Md. 133, 62 A. 1023, 115 A. S. R. 343; Kernochan v. Murray, 111 N. Y. 306, 18 N. E. 868, 2 L. R. A. 183, 7 A. S. R. 744. A guarantor is jointly and severally liable with the maker on the instrument guaranteed. Singer v. Singer, 173 Minn. 57, 214 N. W. 778, 216 N. W. 789. A claim on a contract of guaranty or suretyship is an allowable claim in probate court against the estate. 24 C. J. p. 290, § 889; Knotts v. Butler, 10 Rich. Eq. (S. C.) 143; White's Executors v. Commonwealth, 39 Pa. 167. A conditional guaranty imports the

happening of some contingency other than the default of the principal. A guaranty of payment of an obligation, without words of limitation or condition, is construed as an absolute guaranty. 12 R. C. L. p. 1064, § 13. Claims against a decedent, not due at the time claims are to be filed, must be presented to the probate court for allowance. Bolles v. Boyer, 141 Minn. 404, 170 N. W. 229; Pratt v. Lamson, 128 Mass. 528; Schmidt v. Grenzow, 162 Wis. 301, 156 N. W. 143, Ann. Cas. 1917B, 163; Morgan v. Hamlet, 113 U. S. 449, 5 S. Ct. 583, 28 L. ed. 1043.

A claim upon an unconditional guaranty to pay a fixed sum or sums at maturity is readily distinguished from cases involving stockholders' liability, where the liability does not arise until the corporation becomes insolvent or is being liquidated and until there is an assessment on the stock, as in Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110, and other such cases. It is likewise distinguished from cases involving ordinary surety bonds, where liability is conditioned on the principal's failure to account and to pay after liability has been duly ascertained, as in Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, and other similar cases. In either of such cases it is wholly uncertain whether there ever will be any liability until the event fixing liability occurs. There is likewise no means whereby the amount of liability, if any, or the time of maturity or accrual thereof, can be ascertained until the event fixing liability occurs. Such claims, therefore, are contingent until the uncertain future event takes place.

Minneapolis Trust Co. v. Birkholz, 172 Minn. 231, 215 N. W. 223, involved an annuity to be paid to claimant annually during her life. It was held that it was a continuing rather than a contingent claim, although the total amount to be paid was uncertain and that the probate court had jurisdiction and power to dispose of the claim as a whole.

'In appellant's brief a number of cases on the question of whether this was a contingent claim are cited in division "B" thereof.

The cases of McKeen v. Waldron, 25 Minn. 466, and Palmer v. Pollock, 26 Minn. 433, 4 N. W. 1113, involved the liability of sureties on administrators' bonds, where, as already noted, liability is con-

tingent on failure of the principal to account and to pay after liability has been duly ascertained. In such cases it is wholly uncertain whether there will ever be any liability or what the amount thereof will be until after accounting and default. Berryhill v. Peabody, 72 Minn. 232, 75 N. W. 220; Holden v. Turrell, 86 Minn. 214, 90 N. W. 395; and Martz v. McMahon, 114 Minn. 34, 129 N. W. 1049, are similar claims on surety bonds.

Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072, does not throw much light on the question. Plaintiff and decedent were joint tenants of a leasehold of real property. Plaintiff sued the administrator of the estate of decedent for contribution for rent, taxes, and insurance premiums paid by him under the terms of the lease, after the death of the cotenant. No claim was filed against the estate of decedent. The lease was one continuing for some ten years after the death of the cotenant. Recovery in a suit for contribution is based on payment made by one debtor which should be shared by a coöbligee. As a general rule there can be no contribution until claimant has paid more than his share of a joint or joint and several obligation. In that sense the claim is contingent and wholly uncertain until such payment is made.

Manchester Sav. Bank v. Lynch, 151 Minn. 349, 186 N. W. 794, 795, 50 A. L. R. 1210, was a suit by the payee of a promissory note against one of the joint and several makers thereof. The defendant was an accommodation signer on the note, treated in that decision as a surety. The other maker had died, and his estate had been probated. No claim on the note had been filed against his estate. The defense was that the note should have been filed as a claim against the estate. The holding of this court is briefly summed up in the one sentence [151 Minn. 351]: "As to the payee in a note such as this, the undertaking of the surety is primary; he is absolutely bound to pay the debt." Such being the case, the death of the principal maker and the failure to file claim against his estate were held not to affect or release the liability of the accommodation maker or surety.

Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161, involves no question of any claim against an estate. It was an action to re-

cover from the guarantor on a promissory note. It is stated in that case [37 Minn. 307]:

"The guaranty of 'the payment of the within note' imported an undertaking, without condition, that, in the event of the note not being paid according to its terms,—that is, at maturity,—the guarantor should be responsible. The nonpayment of the note at maturity made absolute the liability of the guarantor, and an action might at once have been maintained against him without notice or demand. Such was the effect of the unqualified guaranty of the payment of an obligation which was in itself absolute and perfect and certain as respects the sum to be paid, and the time when payment should be made." The court speaks of the guaranty as [37 Minn. 307] "without condition" and says that, "in the event of the note not being paid   *   *   *   at maturity,—the guarantor should be responsible"; that the nonpayment of the note at maturity "made absolute the liability of the guarantor," so that an action might then at once have been maintained against him without notice or demand.

Apparently the court is here speaking of the time when suit could be brought rather than of any conditional claim, for it says the guaranty is "without condition." It may equally be said of a promissory note, due in the future, that recovery thereon cannot be had until there is failure to pay at maturity, but that, on nonpayment of the note at maturity, the maker becomes absolutely liable for payment at once. In any event, the case does not involve any contingent claim against an estate.

In Marquette Trust Co. v. Doyle, 176 Minn. 529, 224 N. W. 149, 150, the claim was clearly contingent. It was limited to two years and was contingent on the state banking department taking proper steps to enforce stockholders' liability against stockholders of Continental State Bank, whose commercial paper was guaranteed. The guaranty itself was that the paper guaranteed [176 Minn. 532] "will be paid in full,   *   *   *   by the makers, endorsers or guarantors thereof at maturity, and if not so paid, shall forthwith become the joint and several obligations of the undersigned, and each of them."

Reliance is placed on Leavenworth S. & T. Co. v. Newman (C. C. A.) 23 F. (2d) 835, 836. In that case the guaranty recites that the McComas Hydro-Electric Power Company has directed the issuance of $35,000 of bonds, with a mortgage to secure same, and that these bonds can be placed provided the bondholders are assured that the net income from the plant will be used to pay the bonds and not to pay dividends. The guaranty then reads [23 F. (2d) 836] that the signers thereof "guarantee that all bonds issued under said order and all interest accruing on the same *will be paid when the same become due,* respectively, and that no dividends will be paid from the income of said plant until all said bonded indebtedness has been paid in full." The guaranty is not a direct guaranty of payment of the bonds at maturity by the guarantors, but rather that the bonds will be paid by the issuing corporation. There was in that case a mortgage securing the bonds, and the guaranty was part and parcel of the mortgage and bodily contained therein. The court held that the guaranty agreement was closely tied up with the mortgage and that a foreclosure and accounting were necessary before resort could be had to the guaranty; further, that as to the heir of a deceased guarantor the cause of action arose by virtue of Rev. St. Missouri, 1919, §§ 303, 2270, providing for suit against the heirs where the cause of action did not arise or accrue so as to become provable and enforceable until after the administration of the estate had been closed.

In Andrews v. Kelleher, 124 Wash. 517, 214 P. 1056, a claim on bonds maturing in the future had been allowed by the probate court, and such allowance was sustained.

Numerous other cases are cited where the question was as to when the obligation matured so that suit could be brought and cases where no question of any contingent or other claim in probate court was involved. We do not feel called upon to extend this opinion by further analysis of these cases.

It is urged that in practice an allowance of a claim due at a future date, for instance a promissory note due in the future, would require that the estate be held open until the claim matured. Clearly, a promissory note due at a future date is, under our statute, re-

quired to be presented to the probate court as a claim against the estate of a deceased maker. The same law applies to bonds where the decedent was directly and unconditionally liable to pay at maturity. In this case, if these bonds had been in due time presented to and allowed by the probate court and payment made, the executors, for the estate, would have acquired the bonds and have become entitled to all the rights and remedies of the bondholders, including the right to recovery or contribution from the other guarantor.

The claim here presented not being a contingent claim, we do not discuss the second question as to the power of the probate court to allow a contingent claim which becomes absolute after the expiration of the time to file claims but before the estate is closed.

Order affirmed.