HENRY HAMMEL *vs.* SAMUEL A. BEARDSLEY and others.

December 15, 1883.

Parties—Joinder of Maker and Guarantor of Note.—The absolute guarantor, upon the same instrument, of the payment of a promissory note, may be joined as defendant in the same action with the maker.

The complaint in this action, which was brought in the district court for Otter Tail county, alleges that the defendants Beardsley made and delivered to defendant Thoreson a promissory note, which is past due and unpaid; that before its maturity the defendant Thoreson "duly endorsed said note to this plaintiff, and, for value received, duly guaranteed the payment of said note in writing," and that plaintiff is the owner and holder. Judgment for the amount due on the note is demanded against the defendants and each of them.

Plaintiff appeals from an order by *Collins*, J., sustaining defendant Thoreson's demurrer to the complaint.

*Baxter & Rawson*, for appellant.

*Williams & Chapman*, for respondent, cited *Virden* v. *Ellsworth*, 15 Ind. 144; *Bondurant* v. *Bladen*, 19 Ind. 160; *Tinker* v. *McCauley*, 3 Mich. 188; *Meech* v. *Churchill*, 2 Wend. 630; *Lamourieux* v. *Hewit*, 5 Wend. 307; *Brown* v. *Curtiss*, 2 N. Y. 225; *Tibbits* v. *Percy*, 24 Barb. 39; *Brewster* v. *Silence*, 8 N. Y. 207; *Phalen* v. *Dingee*, 4 E. D. Smith, 379; *Mowery* v. *Mast*, 9 Neb. 445; S. C. 4 N. W. Rep. 69; *Ten Eyck* v. *Brown*, 3 Pin. (Wis.) 452; *Stewart* v. *Glen*, 5 Wis. 14; *Borden* v. *Gilbert*, 13 Wis. 670.

MITCHELL, J. The only question presented by this case is whether the absolute guarantor of the payment of a promissory note, upon the same instrument, may be joined as defendant with the maker. At common law those holding different relations to the same instrument, as makers, drawees, indorsers, etc., could not be united in the same action. A radical change in this respect has been made by statute in most of the states, including our own. "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, *and sureties on the same instrument*, may all or any of them be included in the same action, at the option of the plaintiff." Gen. St. 1878, c. 66, § 36. The statutes of New York and of many other states do not contain the words italicized above, and hence are, so far, much narrower than our own, and have been generally held not to reach independent and collateral agreements, though pertaining to the same subject-matter. The policy of our statute clearly is to prevent a multiplicity of suits by uniting in one action all who are liable in any way on the same claim. There is no principle of reason which requires two separate suits against the parties when one would effect the same object, and every reason which can be given for uniting a maker and indorser in one action will apply with equal force to maker and guarantor. If an indorser is liable on the same instrument with the maker, so is an absolute guarantor of payment, for his undertaking is in the nature of a surety. We have not overlooked the technical distinction between the undertaking of a surety, which is primary, and that of a guaran-

·tor properly so called, which is collateral and secondary. But one
who absolutely guaranties payment of the debt is in every respect
essentially a surety. Moreover, in view of the manifest policy and
purpose of this statute, the word "surety" must .be understood as in-
cluding any one who is bound on the same instrument for its payment
with another, who, as between themselves, is the principal debtor,
whatever may be the particular form of the undertaking. If not, the
italicized clause in the statute would be without meaning or effect.
Bliss, Code Pl. §§ 94, 95; *Marvin* v. *Adamson*, 11 Iowa, 371.

Order reversed.