## SENN v. CONNELLY et al.

An error which the appellant fails to present in his brief will be treated as abandoned.

Under Code Civ. Proc. § 90, providing that persons liable severally for the same debt may be included in the same action, an original obligor and his guarantor may be joined as defendants in an action on the contract.

Under Code Civ. Proc. § 101, providing that except in actions to recover a statutory penalty or forfeiture, or an action against a public officer, the action shall be tried in the judicial subdivision in which the defendant, or defendants, or any of them, shall reside or may be served, an action on a contract against the original obligor and his guarantor may be brought in the county where either of the defendants resides, subject to the right of the court, where the action is begun in the county in which the guarantor resides, to order a change, if satisfied upon a proper showing that the claim against the guarantor is made for fraudulent purposes.

An action against an original obligor and his guarantor was brought in the county in which the guarantor resided, and the other defendant applied for a change of venue on an affidavit stating that the claim of guaranty was false, and made in order to bring the action in the county in which the guarantor resided, and a counter affidavit was filed by plaintiff asserting the bona fides of his claim. **Held,** that the court was justified in refusing a change of venue.

(Opinion filed, May 5, 1909.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

Action by Edward L. Senn against P. F. Connelly and another. From an order refusing an application for change of venue, defendant Connelly appeals. Affirmed.

*S. H. Wright,* for appellant. *J. G. Bartine,* for respondent.

WHITING, J. This cause comes before the court upon an appeal from an order of the circuit court refusing an application for change of place of trial. It appears from the record that plaintiff brought his action against these defendants alleging that, defendant Connelly being indebted to defendant Betts, Betts had assigned to this plaintiff his said claim against Connelly, and had guaranteed, by written guaranty, payment of said claim. The defendant Connelly was a resident of, and was served with summons in, Minnehaha county. Betts was a resident of, and was served with summons in, Lyman county and action was brought in Ly-

man county. Before the time for answering had expired, the defendant Connelly, through counsel, made a sworn demand for change of place of trial to Minnehaha county, the basis of his demand being that Betts had been made a party merely for the purpose of giving the court of Lyman county jurisdiction, and that Betts was in no manner interested in such action. This demand for change of venue does not appear to have been consented to by plaintiff or defendant Betts, and no application to the court for such change was made prior to answer. Defendant Connelly served his answer and counterclaim herein, which counterclaim was replied to by plaintiff. Thereafter defendant Connelly served upon plaintiff a notice of motion for change of venue, which motion was based upon an affidavit annexed thereto, and the files and record in said action. The affidavit annexed, made by attorney for defendant, alleged the residence of the defendant Connelly, that Betts was made defendant for the fraudulent purpose of conferring jurisdiction upon the circuit court of Lyman county, and that said Betts is made a party defendant simply as guarantor. Such affidavit also set forth former demand for change of venue. In opposition to such motion the plaintiff filed his affidavit, alleging that defendant Betts was liable under contract as guarantor, that he was made defendant, not for purpose of controlling venue in said action, but because according to plaintiff's theory, plaintiff was entitled to judgment against either or both of said defendants, and further alleging that Betts was resident of Lyman county, and served with summons therein. Upon the above-mentioned record the learned circuit judge denied motion for change of venue, and imposed costs upon defendant Connelly; the order of said court requiring payment of such costs as condition precedent to any further proceeding on the part of such defendant. This is the order appealed from, and appellant claimed error, both in denying of change of venue and also in imposing of the terms as a condition precedent to further proceedings on appellant's part. The appellant has failed to present the second alleged error in his brief, and the same will be treated as abandoned, leaving the only question for consideration whether or not the circuit court should have made an order changing the venue for trial of said cause.

The question of whether or not the defendant's motion was made in time, the same being made after reply to the counterclaim, was not raised by the respondent, and this case will be considered the same as if the motion had been made prior to the answer. The appellant in his brief has in no manner questioned the right of the plaintiff to join as defendants the original obligor and the guarantor, and we would take it that he conceded that these parties can, under our statute, be joined as defendants. We think there can be no doubt of this, under section 90, Code Civ. Proc.; our section being much broader than that of most of the Code states. We would cite, in support of above, Hammel v. Beardsley, 31 Minn. 314, 17 N. W. 858, Kautzman v. Weirick, 26 Ohio St. 330, and 20 Cyc. 1484.. The defendants having been properly joined, then under section 101, Code Civ. Proc., the plaintiff had the right to commence this action in the county wherein either of the defendants resided. It is true that experience has taught that frequently parties were joined as defendants under false claim of liability on the part of one of such parties, and this became quite a common practice in this state, especially in suits upon promissory notes, and to correct this evil our present section 101, supra, was passed, requiring, in actions upon promissory notes, that the venue be laid in the county where some defendant who was an original party to the note lived, or was served with process; but this exception was limited to suits upon promissory notes. Therefore, when an action is brought, as in this case, upon an ordinary contract and guaranty thereof, the venue may be laid in either the county where the original obligor resides or is served, or in the county where the guarantor resides or is served, subject, of course, to the right of the circuit court to order a change, provided he is satisfied, upon a proper showing, that the claim of guaranty is false, and made for fraudulent purposes. In this case the defendant Connelly contends that claim of guaranty was false and made for such fraudulent purposes, but the affidavit, made on the part of defendant Connelly by his attorney, was met by sworn affidavit of the plaintiff as to the bona fides of the claim of guaranty, and the circuit court was fully justified in its ruling. The appellant has cited the cases of Smail v. Gilruth, 8 S. D. 287,

66 N. W. 452, and Fletcher v. Church, 11 S. D. 537, 78 N. W. 947, but upon examination of the same it appears that neither has any bearing upon the questions herein involved.

The order of the circuit court, denying the application for change of place of trial, is affirmed.