[Civ. No. 727.   First Appellate District.—February 28, 1910.]

IZETTA JEWELL, Respondent, v. COLONIAL THEATER COMPANY, a Corporation, FRANK BACON, MARTIN KURTZIG, and F. MANDLEBAUM, Appellants.

ACTION BY ACTRESS FOR SERVICES AND TRAVELING EXPENSES—PLEADING—DEMURRER FOR UNCERTAINTY—BILL OF PARTICULARS.—In an action by an actress, where the complaint shows that defendants are indebted to her for services rendered and for traveling expenses incurred under an express contract in a given sum, which it is alleged defendants agreed to pay to plaintiff, the complaint need not state how much was to be paid for services and how much for traveling expenses. Any uncertainty in that respect might be cured by a bill of particulars; and a demurrer to the complaint for ambiguity and uncertainty, on that ground, was properly overruled.

ID.—CONTRACT FOR TWO WEEKS' NOTICE BEFORE DISMISSAL—DISMISSAL WITHOUT NOTICE—RIGHT TO PAYMENT.—Where the actress was employed under a contract entitling her to two weeks' notice before dismissal and she was dismissed without notice and without any fault on her part, she is entitled to recover pay for the two weeks following her discharge.

ID.—SUPPORT OF FINDING.—Held, that the finding that the defendants were indebted to plaintiff in the sum of $300 was sustained by the evidence, and that although her return fare had not yet been paid, the case was tried upon the theory that she was entitled to receive the amount of that fare, and no objection was made to the evidence upon the ground that she had not paid it.

ID.—ADVANCES TO PLAINTIFF—INCREASE OF PAY—EXECUTED ORAL ALTERATION OF CONTRACT.—Held, that advances made to the plaintiff had been fully repaid by an executed oral contract for an

increase of pay covering the amount of the advances made to plaintiff.

ID.—DEFENDANTS LIABLE TO PLAINTIFF.—Although none of the defendants pleaded a misjoinder of parties defendant, only such of them as were liable to the plaintiff can be held liable.

ID.—MERE AGENTS FOR PRINCIPAL DEBTORS NOT LIABLE.—The plaintiff is not entitled to recover against mere agents of the principal debtors who were bound to her by contract; and the judgment must be reversed as to such agents, and affirmed as to the principal debtors.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

F. J. Castelhun, and F. C. Castelhun, for Appellants.

F. H. Dam, for Respondent.

HALL, J.—Plaintiff recovered judgment against all the defendants for the principal sum of $300, and the defendants appealed from the judgment and the order denying their motion for a new trial.

Defendants jointly demurred to the complaint, generally, and upon the grounds of uncertainty and ambiguity. The demurrer was properly overruled. It fairly appears from the complaint that defendants are indebted to plaintiff in the gross sum of $506.75 for services rendered as an actress, and for traveling expenses incurred under an express contract, whereby defendants agreed to pay plaintiff said sum therefor. It was not necessary for the complaint to show how much was for services and how much was for traveling expenses. Any uncertainty in this regard could have been cured by a bill of particulars. (Code Civ. Proc., sec. 454; *Pleasant* v. *Samuels,* 114 Cal. 34, [45 Pac. 998]; *McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761].)

Defendants in a joint answer denied the allegations of the complaint, and set up a counterclaim in the sum of $350 for money alleged to have been advanced and loaned to plaintiff by defendants.

The court found that defendants were indebted to plaintiff in the sum of $300 for services rendered and for traveling expenses incurred, under an express contract, whereby defendants agreed to pay plaintiff said sum, and found against defendants on the counterclaim; and the main question presented by the record is as to the sufficiency of the evidence to sustain these findings.

Plaintiff was engaged at New York by Frank Bacon, acting for Martin Kurtzig. The contract was in writing and signed "Izetta Jewell. Martin Kurtzig, by Frank Bacon," and by its terms plaintiff was engaged as an actress to play leading business for a season of fifty-two weeks, beginning on or about September 17, 1906, at a weekly salary of $100 per week. The contract also provided that "the said manager shall pay all expenses of transportation of the person and baggage of the said actor during travel and fare both ways. This contract may be canceled at any time after the first performance by either party giving two weeks' notice in writing to the other."

This contract was dated August 11, 1906, and as before stated signed "Martin Kurtzig by Frank Bacon." Kurtzig testified that Bacon was authorized to enter into such contract for him, and that he was the manager of the defendant corporation, for whom the contract seems to have been made.

The evidence shows without conflict that the plaintiff came to San Francisco from New York under this contract, and commenced services thereunder as an actress in the Colonial Theater in San Francisco, and so continued until the sixth day of May, 1907, when the theater was closed and she was dismissed, without any previous notice, and without any fault upon her part. It was shown without conflict that her salary for the last week was not paid, save that she herself testified that she had drawn $41.25 thereon. She was not given the two weeks' notice required by the contract, nor paid for the two weeks following her dismissal, although the evidence was uncontradicted that when a leading actress is discharged without the two weeks' notice it is the universal custom to pay the full two weeks' salary for that period. It was shown that the fare to New York was $83, and that had not been paid her.

It is thus apparent that when she was discharged she was entitled under the written contract to a balance of $58.75 for the week preceding her discharge, $200 for the two weeks fol-

lowing her discharge without notice, and $83 for return fare to New York, making a total of $341.75. The court found for her in the sum of $300, and we think that this finding under the circumstances above detailed should be sustained. It is true that some of the items above set forth are not in strict accord with the issues presented by the pleadings, in that it is alleged that the traveling expenses had been *incurred*, when in fact she had not yet bought her ticket to New York. But no objection was made to the evidence upon this ground, and the case seems to have been tried upon the theory that such proof was within the issues. If such objection had been made the pleading could, and doubtless would, have been amended so as to conform to the proof. Under the contract introduced in evidence she was entitled, when discharged, to payment of her return fare. For these reasons we think the finding is sustained so far as it affects such of the defendants as are bound by the contract with plaintiff, a point which we shall discuss later.

We have assumed thus far that the finding upon the counterclaim is sustained. It is clear from the evidence that certain moneys were advanced or loaned to plaintiff, either by Kurtzig acting for himself or for the company. There is a conflict as to the amount. But there is evidence that after plaintiff arrived in San Francisco it was orally agreed between her and certain of the individual defendants acting for the company that her salary should be increased from January 1, 1907, to $125, of which she should be paid $100 in cash each week and the balance $25 credited against her indebtedness, and that this was done until her indebtedness was fully paid. So far as this was a variation of the written contract it was only admissible so far as it was executed. A written contract may be altered by an executed oral agreement. (Civ. Code, sec. 1698.) This evidence showed an executed oral alteration, and sustained the theory that the advancements to plaintiff had been fully repaid.

We now come to the question as to what defendants are shown to be liable for the debt due to plaintiff. Defendants did not plead a misjoinder of defendants, but nevertheless only such as are shown by the evidence to be liable may be held for the indebtedness. (*Rutenberg* v. *Main*, 47 Cal. 214.)

The evidence does not show any liability upon the part of either Bacon or Mandlebaum. On its face the contract showed that Bacon was acting only as the agent of Kurtzig, and the evidence is without conflict that he had authority to act as such agent. He is therefore not liable, and the findings against him are not sustained by the evidence. The same is true of Mandlebaum. Whatever he did was as manager for the Colonial Theater Company, and after plaintiff knew who the principal was. The evidence shows that the Colonial Theater Company was the principal for whom the contract was made, and it is liable. Kurtzig is liable as he bound himself by the terms of the contract without disclosing his principal.

Some other points are made as to rulings of the court, but we do not think any are of sufficient importance to require discussion or a reversal of the order or judgment.

The judgment and order are reversed as to the defendants Frank Bacon and F. Mandlebaum and affirmed as to defendants Colonial Theater Company, a corporation, and Martin Kurtzig.

Cooper, P. J., and Kerrigan, J., concurred.