## ARCHIE ROESLER v. UNION HAY COMPANY.[1]

November 19, 1915.

Nos. 19,538—(96).

**Change of venue.**

1. Where a resident in the county where the action is brought is joined as a party defendant solely for the purpose of preventing a change of venue, the place of trial should be changed. G. S. 1913, § 7723. In this case the trial court has found otherwise.

**Pleading — service of reply.**

2. Defendant served its answer May 2. By inadvertence and mistake of his counsel, plaintiff failed to serve a reply, and in July applied for leave to do so. This was granted. *Held:* The trial court did not abuse its discretion in granting this permission.

Action in the district court for Waseca county to recover $63.50 for a carload of straw. The facts in relation to the application for a change of venue are stated in the opinion. The motion of defendant hay company for judgment notwithstanding the verdict was denied, Childress, J. From the order denying the motion, defendant hay company appealed. Affirmed.

*David R. Thomas,* for appellant.
*Moonan & Moonan,* for respondent.

PER CURIAM.

This action was brought to recover for a carload of straw sold by defendant Matz to defendant hay company. Matz assigned his claim to plaintiff, and guaranteed that it would be paid in full within a reasonable time. Plaintiff brought this action, making the hay company and Matz defend-

[1] Reported in 154 N. W. 789.

ants, seeking a recovery from both defendants, the cause of action against Matz being based on his guaranty. Defendant hay company filed and served an affidavit and demand for a change of venue to Hennepin county, where its place of business is, alleging that Matz, who resided in Waseca county, was made a defendant in order to prevent a change of venue. Plaintiff objected to the clerk transferring the files, for the reason that Matz had not joined in the demand. The clerk did not transfer the files, and thereafter defendant hay company moved the court for an order directing him to do so. This motion was denied. Defendant hay company had served its answer May 2, 1914, soon after making its demand for a change of venue. Plaintiff, by the inadvertence and mistake of his counsel, failed to serve a reply, and in July applied to the court for leave to do so. This was granted. The case was thereafter tried, and a verdict for plaintiff rendered. After a motion for judgment notwithstanding the verdict or for a new trial had been denied, judgment was entered on the verdict and defendant hay company appealed therefrom to this court.

If any questions are raised by the record, which is at least doubtful, as there is no settled case, or certificate of the trial judge, they are: (1) Whether the trial court erred in not changing the venue; (2) whether it abused its discretion in granting plaintiff leave to reply.

1. If it appeared that Matz was made a defendant for the purpose of preventing a change of venue, the place of trial should have been changed to Hennepin county. G. S. 1913, § 7723. But we cannot say that this was the purpose. The trial court has necessarily found that it was not, and there is nothing in the record that compels a contrary finding.

2. The trial court did not abuse its discretion in granting plaintiff leave to reply.

Judgment affirmed.