[Civ. No. 5113. First Appellate District, Division One.—July 13, 1925.]

E. R. JOHNSON, Appellant, v. THOMAS H. BENTON, as Executor, etc., et al., Defendants and Respondents; ROBERT JOHNSTON, Defendant and Appellant.

[1] AGENCY—ATTORNEY'S FEES—PERSONAL LIABILITY OF AGENT—PLEADING.—In an action to recover fees claimed to be due for legal services rendered in connection with negotiations carried on for the sale of certain lands, under a real estate contract

between a broker and the owner of said lands, the broker could not be charged with a personal liability, where the attorneys knew that he had no personal interest in the title to the property and was acting merely in the capacity of an agent for the sale thereof, and they dealt with and treated him as an agent and not as a principal, and sued him only as an agent.

[2] ID.—LIABILITY OF AGENT TO THIRD PARTY.—An agent may be held personally liable to a third party when he fails to make known his principal, or contracts in his own name, or where he exceeds his authority as such agent; but, otherwise, it is the contract of his principal, upon which he cannot be held personally liable.

[3] ID.—PARTIES—PLEADING.—In such action, such broker, as agent, was improperly joined as a party defendant with such land owners, where the complaint alleged none of those contingencies upon which the personal liability can rest, but alleged that said broker was sued only as the agent of said land owners.

[4] ID.—PLACE OF TRIAL—IMPROPER JOINDER OF AGENT—RESIDENCE.— In such action, the fact that plaintiff's assignors, if they believed that the land owners were liable for attorney's fees incurred by their agent, did not confine the action to such land owners without joining the agent, but, instead, joined with them, as a party defendant, the agent, who was a resident of another jurisdiction, and against whom, under the allegations of the complaint, no personal liability existed, was sufficient to justify the trial court in holding that the agent was joined as a defendant merely for the purpose of having the action tried in the jurisdiction of his· residence.

[5] ID.—NONEXISTENCE OF CAUSE OF ACTION AGAINST AGENT—JOINDER AS PARTY—MOTION FOR CHANGE OF PLACE OF TRIAL—RIGHTS OF REAL DEFENDANTS.—In such action, the land owners had the right to show, on their motion for change of place of trial to the county of their residence, by affidavits or otherwise, that plaintiff had actually no cause of action against the broker who was made nominally a defendant simply for the fraudulent purpose of depriving them as the real defendants of their right to have the action tried in the place of their residence.

[6] ID.—SUFFICIENCY OF PAPERS—EVIDENCE.—On this appeal from an order granting the motion of such land owners for a change of place of trial, the moving papers were legally sufficient for the purposes intended, and the evidence, of which the deposition of

2.  Agent's liability on contract, note, 42 **A. L. R.** 1310. See, also, 1 Cal. Jur. 814; 21 **R. C. L.** 895.

5.  See 25 Cal. Jur. 892.

one of such land owners must be considered a part, was ample, in view of the allegations of the complaint, to sustain the ruling of the trial court in granting the motion.

---

(1) 9 C. J., p. 675, n. 1 New. (2) 2 C. J., p. 805, n. 47, p. 812, n. 92, p. 814, n. 5, p. 817, n. 25. (3) 2 C. J., p. 902, n. 55, 56. (4) 40 Cyc., p. 101, n. 97, 98. (5) 40 Cyc., p. 167, n. 71 New. (6) 40 Cyc., p. 166, n. 69.

APPEAL from an order of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Simeon E. Sheffey and Walter E. Hettman for Plaintiff and Appellant Johnson.

Wallace & Ames for Defendant and Appellant.

Dozier, Kimball & Dozier for Defendants and Respondents.

KNIGHT, J.—An action to recover the sum of five thousand dollars alleged to be due upon an assigned claim for attorney's fees. All defendants, excepting Robert Johnston, joined in a motion for change of place of trial from the city and county of San Francisco to the county of Shasta, upon the ground that they were residents of the latter county and that the remaining defendant Robert Johnston had been improperly joined as a defendant solely for the purpose of having the action tried in the jurisdiction wherein Johnston resided. In this connection it is averred by the moving defendants that no cause of action ever existed in favor of plaintiff's assignors as against their codefendant Johnston and that no judgment could be rendered against him in said action. The evidence offered in support of said motion consisted of certain affidavits and of the testimony of the defendant John W. Benton, given in the form of a deposition. The motion was granted, and two separate appeals were taken and are being separately presented, one by plaintiff E. R. Johnson and the other by the defendant Robert Johnston.

It appears that on April 6, 1923, the defendants Kate, Harry L. and John W. Benton entered into a written con-

tract with the firm of Johnston & Criteser, real estate
brokers, of which firm the said defendant Robert Johnston
was a partner, for the purpose of effecting a sale of certain
timber lands in Shasta County in which the Bentons were
interested. Suit was afterward brought on said contract
in the superior court of the city and county of San Fran-
cisco, by said Robert Johnston as assignee, against the
parties to that contract to recover real estate commissions.
The place of trial of that action was, upon motion of the
defendants, changed to said county of Shasta, upon the
ground of residence of said defendants. The present action
was commenced to recover fees claimed to be due for legal
services rendered in connection with negotiations carried
on for the sale of said timber lands, under said real estate
contract. Plaintiff's complaint is in two counts; one is
based upon an express agreement to pay the sum of five
thousand dollars and the other upon a *quantum meruit*. In
both counts defendant Johnston is sued, not as a principal,
but as the "agent and employee" of the Bentons, the com-
plaint in this respect alleging, after setting forth that
plaintiff's assignors are practicing attorneys at law, and
that the Bentons, as heirs at law of T. H. Benton, deceased,
are the owners of said tract of land, "That Robert Johnston
is a real estate broker actively engaged in such business in
the City and County of San Francisco, State of California,
and at all the times herein mentioned *was the agent and em-
ployee of the other defendants above named for the purpose
of selling and disposing of the above described real estate.*"
(Italics ours.)

[1] The evidence adduced at the hearing of the motion
shows without conflict that plaintiff's assignors knew that
Johnston had no personal interest in the title to said prop-
erty, and was acting merely in the capacity of an agent for
the sale thereof; accordingly, plaintiff's assignors dealt with
and treated him as an agent and not as a principal, and,
as already pointed out, he was sued only as an agent. That
being so, he could not, under well-settled law, be charged
with a personal liability (*Tevis* v. *Savage*, 130 Cal. 411 [62
Pac. 611]; *Jewell* v. *Colonial Theater Co.*, 12 Cal. App. 681
[108 Pac. 527]; *Hall* v. *Crandall*, 29 Cal. 568 [89 Am. Dec.
64]). [2] True, an agent may be held personally liable
to a third party when he fails to make known his principal,

or contracts in his own name, or where he exceeds his authority as such agent; but, otherwise, it is the contract of his principal, upon which he cannot be held personally liable (Story on Agency, secs. 261, 263, 264, 267; *Bogart* v. *Crosby & Van Haren,* 80 Cal. 195 [22 Pac. 84]). Or, to state the rule in the language of the code section, ''One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency, in any of the following cases, and in no others: 1. When, with his consent, credit is given to him personally in a transaction; 2. When he enters into a written contract in the name of his principal, without believing, in good faith, that he has authority to do so; or, 3. When his acts are wrongful in their nature.'' (Civ. Code, sec. 2343.)   [3]   The complaint alleges none of those contingencies upon which the personal liability of an agent can rest, and, therefore, as agent, Johnston was improperly joined as a party defendant. According to the testimony of defendant John W. Benton it was clearly understood between plaintiff's assignors, Johnston and himself, that Johnston had no authority whatsoever to incur any liability against any of the Bentons for the payment of attorney's fees. If, despite such understanding, plaintiff's assignors believed that the Bentons were liable for attorney's fees incurred by their agent, the action should have been confined to the Bentons without joining the agent. Clearly, under such circumstances, the Bentons would have been entitled to have the action tried at the place of their residence. [4]   The fact that plaintiff did not pursue that course, but, instead, joined with them, as a party defendant, the agent, who was a resident of another jurisdiction, and against whom, under the allegations of the complaint, no personal liability existed, was sufficient to justify the trial court in holding that the agent was joined as a defendant merely for the purpose of having the action tried in the jurisdiction of his residence. The ultimate liability of the defendants Benton under any theory, for the payment of attorney's fees is, of course, not a question that has been or can be determined in this proceeding. Nor are we at present concerned with the proposition of whether or not Johnston as principal, is liable for attorney's fees. We are here dealing with him as agent, in which capacity he was sued, and

our problem has not included the question of his liability as principal.

The defendant Johnston, in support of his appeal, does not deny the claim advanced by his coappellants that as agent he is not liable, or that he was improperly joined as a party defendant; but he contends that inasmuch as he can be formally dismissed upon that ground only by an order sustaining demurrer to the complaint, he is entitled to have that question passed upon in the jurisdiction of his residence.

[5] In answer thereto it is sufficient to say that the course adopted by respondents Benton in demanding a change of venue has been approved in several cases, which hold that the real defendants may show, by affidavits or otherwise, that plaintiff has actually no cause of action against one of the parties who was made nominally a defendant simply for the fraudulent purpose of depriving the real defendants of their right to have the action tried in the place of their residence (*Sourbis* v. *Rhoads,* 50 Cal. App. 98 [194 Pac. 521]; *Karst* v. *Seller,* 45 Cal. App. 623 [188 Pac. 298]; *Lachman* v. *Berry Growers' Assn.,* 58 Cal. App. 748 [209 Pac. 379]).

[6] The moving papers of the respondents Benton were legally sufficient for the purposes intended, and we are of the opinion that the evidence, of which the deposition of John W. Benton must be considered a part (*Henderson* v. *Cohen,* 10 Cal. App. 580 [102 Pac. 826]), was ample, in view of the allegations of the complaint, to sustain the ruling of the trial court in granting the motion.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.