EDWARD SINGER v. STEPHEN SINGER AND ANOTHER.[1]

No. 26,115.

July 1, 1927.

**Principal debtor and guarantor of payment of debt may be joined as defendants in action on the debt.**

1. The assignor of the balance owing upon a claim for goods sold and delivered, who guarantees payment of the same to his assignee, may be joined as defendant in an action with the principal debtor.

**Defendant in action may not demur because other defendants are improperly joined with him.**

2. A party who is properly made defendant in an action cannot object by demurrer that other parties are improperly joined with him as defendants.

**When change of venue may be made upon motion.**

3. Where a party is joined as defendant solely for the purpose of preventing a change of venue, the place of trial may be changed upon motion.

Actions, 1 C. J. p. 1101 n. 60.
Guaranty, 28 C. J. p. 1012 n. 3.
Parties, 30 Cyc. p. 126 n. 49.

[1]Reported in 214 N. W. 778, 216 N. W. 789.

Pleading, 31 Cyc. p. 274 n. 45.

Statutes, 36 Cyc. p. 1110 n. 54; p. 1114 n. 96; p. 1174 n. 78; p. 1175 n. 79.

Venue, 40 Cyc. p. 101 n. 97, 98.

See 20 R. C. L. 707; 3 R. C. L. Supp. 1099.

See 25 R. C. L. 963; 4 R. C. L. Supp. 1611; 6 R. C. L. Supp. 1494.

Defendant Virginia Creamery Company appealed from a judgment of the district court for Pennington county, Grindeland, J. entered against it and defendant Stephen Singer. Affirmed.

*Boyle & Montague,* for appellant.

*Theo. Quale,* for respondent.

QUINN, J.

Appeal from a judgment entered against both defendants upon an order of the court.

It is alleged in the complaint that the defendant Stephen Singer sold and delivered to the defendant Virginia Creamery Company a quantity of eggs; that there remains unpaid on the purchase price thereof the sum of $98.72; that for a valuable consideration the vendor sold, assigned, transferred and delivered to the plaintiff such account and indebtedness and guaranteed the payment thereof to him; that there is now due and owing from the defendants to the plaintiff thereon the sum of $98.72 with accrued interest.

To such complaint the defendant creamery company interposed a demurrer upon the ground that there is a defect of parties defendant and that several causes of action are improperly united, in that a cause of action against the defendant Stephen Singer is improperly united with the cause of action against the defendant creamery company. The demurrer was overruled, judgment was entered, and the creamery company appealed.

The important question to be determined upon this appeal is whether the seller of goods may, as guarantor of the payment of the account to his assignee, be joined as defendant with the principal debtor. Section 9174, G. S. 1923, is as follows:

"Persons severally liable upon the same obligation or instrument, including parties to bills of exchange and promissory notes, and sureties on the same instrument, may all or any of them be included in the same action, at the option of the plaintiff."

This statute was considered and passed upon by this court in the case of Hammel v. Beardsley, 31 Minn. 314, 17 N. W. 858. The statutes of many other states pertaining to the same subject matter are much different from ours, and the decisions based thereon are of but little importance here. Clearly the policy of our statute is to prevent a multiplicity of suits by uniting in one action all who are liable in any way on the same claim. Hammel v. Beardsley, 31 Minn. 314, 17 N. W. 858. We know of no good reason why a principal debtor and a guarantor of the payment of such debt may not be united in one action. Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700.

We are unable to agree with the contention that § 9174 was intended to apply only to promissory notes and similar negotiable instruments. The provision under consideration is comprehensive. The words "obligation or instrument," as used therein, mean engagements, contracts, agreements, stipulations, bonds, covenants, as well as negotiable instruments. As said in Hammel v. Beardsley, 31 Minn. 314, 17 N. W. 858:

"If an indorser is liable on the same instrument with the maker, so is an absolute guarantor of payment, for his undertaking is in the nature of a surety. * * * But one who absolutely guaranties payment of the debt is in every respect essentially a surety."

This must be true whatever may be the particular form of the undertaking, else the provision of the statute under consideration will be without meaning or effect.

The vendor sold the account and debt to one of the defendants and guaranteed payment of the balance owing thereon to his grantee. As between him and the grantee, he became essentially a surety for the payment of the claim. We see no good reason why he might not be joined with the principal debtor in an action to

recover such debt. The purpose of the statute is to enable the plaintiff to include one or all of the parties liable for the payment of the obligation, without regard to the form of the engagement.

A party who is properly made defendant in an action cannot object by demurrer that others are improperly joined with him. 5 Dunnell, Minn. Dig. (2 ed.) § 7327, and cases there cited. If a party is joined as a party defendant solely for the purpose of preventing a change of venue, the place of trial may be changed upon motion. Roesler v. Union Hay Co. 131 Minn. 489, 154 N. W. 789.

Affirmed.

DIBELL, J. (dissenting).

I do not agree with the construction placed upon G. S. 1923, § 9174. I agree that a mere excess of defendants does not justify a demurrer for misjoinder of causes. 5 Dunnell, Minn. Dig. (2 ed.) § 7327. But a demurrer for misjoinder of causes is not prevented because of the rule stated. There is no question of a right to change of venue.

### AFTER REARGUMENT.

On December 2, 1927, the following opinion was filed:

PER CURIAM.

The general policy of our statute is to avoid multiplicity of suits. In construing it, words are to be considered in their ordinary and popular sense, unless obviously used in a technical sense. They must be construed with reference to the purpose of the act. 6 Dunnell, Minn. Dig. (2 ed.) § 8968.

The section in question [G. S. 1923, § 9174] is remedial and should be liberally construed so as to carry out the purpose sought. Section 9411 of the statutes is in pari materia with the section under consideration. It provides that "all parties to a joint obligation, including negotiable paper, copartnership debts, and all contracts upon which they are liable jointly, shall be severally liable also for the full amount thereof. They may be sued thereon jointly,

or separate actions may be brought against each or any of them." Midland Nat. Bank v. Security Elev. Co. 161 Minn. 30, 200 N. W. 851. To give full effect to the act under consideration, the word "obligation" must be held to include parol as well as documentary contracts.

Opinion adhered to.