[Civ. No. 6520. First Appellate District, Division One.—January 7, 1929.]

RICHMOND TERMINAL CORPORATION (a Corporation), Appellant, v. PARR TERMINAL COMPANY (a Corporation) et al., Respondents.

M. H. Peterson for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark, T. H. DeLap and Thomas M. Carlson for Respondents.

BARNARD, J., *pro tem.*—This is an action for damages brought against fifteen defendants, consisting of Parr Terminal Company, a corporation, with its principal place of business in the city and county of San Francisco; Fred D. Parr, residing in said city and county; the City of Richmond, a municipal corporation, located in Contra Costa County, and twelve individual defendants, sued both individually and as officers and agents of the said City of Richmond, all being residents of Contra Costa County. The

action having been filed in the city and county of San Francisco, a change of venue to Contra Costa County was demanded by the twelve individual defendants resident therein, on the ground that the only defendants resident in the county where the action was filed are Parr Terminal Company, a corporation, and Fred D. Parr, its president; that the two last named are improperly joined as defendants, for the reason that the complaint does not state a cause of action against them, or either of them; that as to them the cause of action attempted to be set up is fictitious and a mere pretense; and that they were joined as defendants for the sole purpose of having the action tried in the city and county of San Francisco. The two San Francisco defendants and the City of Richmond filed their written consent to the change of venue asked for.

■ This is an appeal, based upon a bill of exceptions, from an order transferring the case to Contra Costa County, holding that the complaint did not state a cause of action against the said Parr Terminal Company, a corporation, or the said Fred D. Parr, and that the action should have been commenced in and should be tried in Contra Costa County.

Under section 395 of the Code of Civil Procedure, if the said Parr Terminal Company, a corporation, and Fred D. Parr, or either of them, were properly made defendants, the order appealed from must be reversed. If they were proper defendants, no other question remains. In the case of *McClung* v. *Watt*, 190 Cal. 155, at page 159 [211 Pac. 17] the court said: "If the complaint in the instant case attempts, in apparent good faith, to state a cause of action against the corporation defendant, the individual defendant Watt did not have the right to have the place of trial changed to the county of his residence. The sufficiency of the complaint and the good faith of the pleader are not to be denied upon a motion for a change of venue unless, at first blush, it can be clearly seen and said that the allegations of fact concerning the corporation defendant are in nowise related to the facts alleged and relied upon as a cause of action against the defendant Watt and would not, in any event, or in any view of the case, warrant the inference that the corporation was a party to the fraud . . . "

The rule being as above, it is apparent from reading the complaint herein, not only that it does not appear from the allegations thereof that the two San Francisco defendants are entirely unrelated to the facts and incidents relied upon as a cause of action against those defendants residing in Contra Costa County, but that it does appear therefrom that an attempt has been made, in apparent good faith, to state a cause of action against them as well as the other defendants.

Briefly, the complaint alleges that the City of Richmond, pursuant to rights given said city by certain acts of the state legislature, and subject to certain limitations, conditions, and trusts contained in said acts, made certain harbor improvements, including the construction of what is known as Municipal Dock No. 1, together with certain warehouse and trackage facilities; that the same were used for many years for the benefit of the general public until on October 18, 1926, the city council of the city of Richmond, by ordinance, and in violation of the trusts imposed by the state legislature, leased said dock and facilities for a term of years to the Parr Terminal Company, a corporation, with many rights and privileges, including the right to do all stevedoring and freight handling thereon; that on November 8, 1926, the said city council passed an ordinance giving to the Parr Terminal Company the exclusive right to handle all freight on said dock, and directing the chief of police of said city to exclude all persons from said dock or warehouses, except employees of the city and employees of said corporation; that by direction of the city manager of said city, plaintiff was notified of this action and of the date when the operations "so authorized" would begin; later plaintiff was notified that Parr Terminal Company desired to take possession at an earlier date than that named, and still later was informed by the mayor and city manager of said city that plaintiff could not continue its work on said dock, either as consignee of goods, or otherwise, and that Parr Terminal Company was in exclusive control; that for a long time prior to November 8, 1926, plaintiff had been engaged at said dock in the stevedoring and freight handling business, receiving goods consigned to it and loading them for shipment; that on the morning of November 9, 1926, plaintiff and its employees were forcibly prevented from entering said

dock by locked gates and policemen armed with shotguns, and plaintiff was notified by the police captain in charge that no one on behalf of plaintiff would be admitted to the dock for any purpose whatever, without the permission of Parr Terminal Company being first had and obtained; that at said time there was a large quantity of goods on said dock, consigned to plaintiff and requiring its attention; that the said City of Richmond, its said city council, the said Parr Terminal Company and the said Fred D. Parr have conspired together and taken all possible means to prevent the delivery of goods at said Municipal Dock No. 1 and consigned to plaintiff, and to prevent plaintiff having any access to said dock; and that the said Parr Terminal Company and Fred D. Parr have sought to induce the Southern Pacific Railroad Company not to deliver goods to the Santa Fe Railroad Company for transportation to this dock if said goods were consigned to this plaintiff, and have told shippers that no goods consigned to plaintiffs would be permitted to be handled at said dock, nor would they be handled there unless they were consigned to Parr Terminal Company; that by such and other and similar acts plaintiff's business has been destroyed, with allegations of damage.

The bill of exceptions sets forth certain affidavits used on the hearing of the motion, setting forth the facts as to the residence of the parties as above stated, and alleging on the information and belief of the respective affiants that a good cause of action was, or was not, set up as against the Parr Terminal Company, a corporation, and Fred D. Parr.

Much of the argument of respondent is directed to the proposition that plaintiff cannot finally prevail on the merits of the case. This may or may not be true, but is not in issue here. The ultimate rights of the plaintiff and the Contra Costa County defendants are not involved in this proceeding. (*Johnson* v. *Benton*, 73 Cal. App. 571, at 575 [239 Pac. 63].) The record shows no attack on the sufficiency of the complaint as to those defendants. The only question here is as to the connection, or lack of connection, of the San Francisco defendants with the matters and things alleged in the complaint, in order to determine the proper place of trial of the action on its merits. In this regard, taking the complaint as it now stands, it can hardly

be said to appear at first blush therefrom that the Parr Terminal Company and Fred D. Parr had no connection with the incidents alleged as a cause of action. The reasonable inference from the complaint is that those defendants had a not inconsiderable part in the activities complained of.

Assuming, then, as we must for the purpose of this proceeding, that a cause of action is stated against the other defendants, and bearing in mind the rules of law above referred to, we cannot say that the facts alleged show clearly, or at all, that the Parr Terminal Company and Fred D. Parr are in nowise related to, or involved in, any such cause of action so existing. On the contrary, they would appear to be proper parties defendant in order to determine the controversy.

A further proper consideration is the possibility of amendment. As the court further said in *McClung* v. *Watt, supra,* at page 160, ''Conceding these allegations to be faulty in form, and in a measure vague and indefinite and somewhat ambiguous, nevertheless, when considered in conjunction with the remaining allegations of the complaint, even though they be strictly construed, it cannot be said that they are so inherently and utterly devoid of merit as to be radically insufficient upon which to found a cause of action . . . It is enough, however, upon the hearing and determination of the demand for a change of venue, that the cause of action purported to be stated against the corporation defendant was apparently pleaded in good faith, and is not, *prima facie,* so glaringly and vitally defective as to be beyond correction by amendment.'' The language of the court, above quoted, might well have been used in the instant case. If it be true, as claimed by respondent, that the ''plentiful averments of conspiracy'' in the complaint, respecting the defendants Parr Terminal Company and Fred D. Parr, are deficient in that they merely allege attempts by said defendants to drive away and destroy plaintiff's business, and fail to allege that these attempts met with success, still a large part of the injuries complained of may have been caused by such acts of these particular defendants, and it is not unreasonable to suppose the omissions may be supplied by amendment. In our opinion the complaint attempts in good faith to state a cause of action against all the defend-

ants, including those in San Francisco, and it is not so glaringly defective as to be obviously beyond the possibility of correction by amendment. (*McClung* v. *Watt, supra; Mills* v. *Brown,* 205 Cal. 38 [269 Pac. 636].)

The foregoing makes it unnecessary to consider other points raised.

For the reasons stated the order appealed from is reversed.

Tyler, P. J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 7, 1929.

All the Justices concurred.