[File No. 6021.]

GUARANTY CORPORATION, a Corporation, Appellant, v. HENRY STEIGMAN and Agricultural Credit Corporation of Fargo, a Corporation, Defendants, HENRY STEIGMAN, Respondent.

(241 N. W. 291.)

Opinion filed February 27, 1932.

*William Maloney,* for appellant.

*Jacobsen & Murray* and *Holt, Frame & Nilles,* for respondent.

BIRDZELL, J. The plaintiff brought action in the county court of Cass county upon a note for $1,300 alleged to have been executed by the defendant Stcigman on February 9, 1927, payable to the Agricultural Credit Corporation, a domestic corporation with its office in the city of Fargo in Cass county. The note is alleged to have been indorsed and delivered by such payee to the plaintiff with a guaranty

of payment. The amount alleged to be due and owing is $130 with interest. A summons was served on the defendant Steigman in Grant county on June 2, 1931, and on the 19th of June Steigman caused to be served upon the plaintiff a notice of appearance and demand for change of place of trial to the district court of Grant county on the ground that he was a resident of the latter county. In the notice and demand it was said that the Agricultural Credit Corporation was not a proper party defendant nor a material defendant; that it had never been served with a summons and complaint and was fraudulently joined as a defendant for the purpose of defeating the change of place of trial to the proper county. In support of the motion and demand affidavits were presented, certain letters of officers of the corporation and its attorney were offered as exhibits and a certain certificate of the Secretary of State was produced. From these it appears that in December, 1929, a corporation known as the Western Finance Company changed its name to the First Dakota Bank Stock Corporation with F. P. Aamoth as president and L. A. Melby as secretary, and that in February, 1931, the name of this corporation was changed to the Guaranty Corporation, which is the plaintiff herein. The 1931 corporate report of this corporation shows that H. C. Aamoth was president and F. P. Aamoth secretary and treasurer. The 1929 report of the Agricultural Credit Corporation, the indorser-guarantor and a defendant herein, shows that H. C. Aamoth was president, F. P. Aamoth secretary and general manager, and L. A. Melby treasurer. The 1930 report was filed with the secretary of state but was lost in the capitol fire. The plaintiff's attorney in July, 1931, wrote a letter to a bank in Grant county concerning some business of the Guaranty Corporation, the plaintiff herein, in which he stated "The Guaranty Corporation who is the successor in interest of the Agricultural Credit Corporation has placed in my hands for collection the following notes," et cetera. H. C. Aamoth, as president of the First Dakota Bank Stock Corporation, wrote a letter dated in August, 1930, to another bank in Grant county, in which he says ". . . we will state that we have taken over the affairs of the Agricultural Credit Corporation and that we have one year in which time to liquidate its affairs. . . ." In March, 1931, the plaintiff herein, by H. C. Aamoth,

president, in a letter to the stockholders said that a resolution had been unanimously adopted changing the name of the First Dakota Bank Stock Corporation to the Guaranty Corporation, the corporate name of the plaintiff herein.

The county court, in a memorandum opinion disposing of the motion, calls attention to the fact that prior to the time of hearing the motion there was no proof of service of summons upon the Agricultural Credit Corporation and that in response to a telephone communication between the plaintiff's attorney and the office of the latter company the admission of service signed by the secretary and dated the 15th of August was produced. From the showing made on the motion the court held that the plaintiff, the Guaranty Corporation, and the defendant, the Agricultural Credit Corporation, shared the same offices; that their personnel was practically the same; that the latter corporation has no interest in the event of a suit; that it has been or is being absorbed and merged with the plaintiff and that the two are practically identical, notwithstanding the fact that they have separate corporate existence. These findings are amply supported by the showing made in support of the demand for change of the place of trial. If, therefore, the facts found are such as to afford a legal basis for the order, the order appealed from must be affirmed.

The statutes of this state, after making provision for the trial of certain actions in the county in which the subject of the action or some part thereof is situated and for the trial of certain other actions in the county where the cause or some part thereof arose, provide (Comp. Laws 1913, § 7417):

"In all other cases, subject to the power of the court to change the place of trial as provided by statute, the action shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action; provided, if such county is attached to another county for judicial purposes, the action shall be tried in the latter county; and if none of the defendants shall reside in the state, the action may be commenced in any county which the plaintiff shall designate in the summons."

The right of a defendant, under this statute, to have an action against him tried in the county of his residence is a substantial right

42

and one of which he may not, therefore, be deprived by a mere formality. If another real defendant is joined with him, that defendant, of course, has the same right. Hence, it is the rule under such a statute as ours that where there are in reality two or more defendants the action may be tried in the county where any one of them resides. 40 Cyc. 98. But where there is but one real defendant, he is not to be deprived of his substantial right by reason of the formal joinder with him of another party. "In every case," says Ruling Case Law (27 R. C. L. 805), "the true test to determine whether or not the venue is proper, so that the summons may issue to another county, is whether the defendant served in the county where the suit is brought is a bona fide defendant to the action and whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendants." It has been frequently determined under similar statutes that if it is made to appear a defendant is joined for the purpose of preventing a change of venue, the place of trial may be changed upon motion of a real defendant so adversely affected. See Johnson v. Benton, 73 Cal. App. 571, 239 Pac. 63; Heringer v. Schumacher, 88 Cal. App. 349, 263 Pac. 550; Coen v. Watson, 105 Cal. App. 297, 287 Pac. 525; Troy Portable Grain Mill Co. v. Bowen, 7 Iowa, 465; Roesler v. Union Hay Co. 131 Minn. 489, 154 N. W. 789; Singer v. Singer, 173 Minn. 57, 214 N. W. 778. And see W. B. Foshay Co. v. Mercantile Trust Co. 166 Minn. 442, 208 N. W. 203.

We need not consider cases arising under statutes differing radically from ours, nor even analyze the complaint to determine whether it properly states a cause of action against the Agricultural Credit Corporation. The showing made here is much stronger than in the case of Bremen Elevator Co. v. Farmers & M. Bank, 54 N. D. 540, 210 N. W. 25. We are content to hold here, in accord with the authorities cited above, that under the showing made such corporation is not a real defendant, that it was joined for the sole purpose of preventing the real defendant from enjoying his statutory privilege to remove the action to the county of his residence and that for the purpose of

such a motion it is as though the corporate defendant were not sued at all.

The order appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.