## SCHRAMM-JOHNSON, DRUGS, v. COX, Judge.

No. 5155. Decided March 28, 1932. (9 P. [2d] 399).

*Hurd & Hurd,* of Salt Lake City, for plaintiff.

*King & King,* of Salt Lake City, for defendant.

STRAUP, J.

On application to this court by verified petition of the Schramm-Johnson, Drugs, a corporation, an/ alternative writ of mandate was issued directing the judge of the Fifth judicial district court in and for Beaver county to change the place of trial of a cause commenced in that court wherein John P. Barton is plaintiff and Schramm-Johnson, Drugs, a domestic corporation with its principal place of business in Salt Lake City, Salt Lake county, Parke, Davis & Co., a nonresident corporation organized under the laws of the state of Michigan with its principal place of business at Detroit, and the Beaver Drug Company, a domestic corporation with its principal place of business at Beaver City, Beaver county, defendants, or show cause.

By the petition it in substance is alleged that in a prior action commenced in the Fifth judicial district court in Beaver county wherein Barton was plaintiff, and Schramm-Johnson, Drugs, and Parke, Davis & Co. were defendants, and of service of summons only on, Schramm-Johnson Drugs, at Salt Lake City where was its principal place of business, the place of trial of the cause, on motion of Schramm-Johnson, Drugs, in pursuance of Comp. Laws Utah 1917, §§ 6531 and 6533, was transferred to Salt Lake county, the residence of that company. The action was brought to recover damages for the death of 82 sheep alleged to have been caused by the negligence of Schramm-Johnson, Drugs, at its place of business in Salt Lake City by filling and mailing an order given by the Beaver Drug Company at Beaver City for anthrax vaccine for sheep, with anthrax vaccine for horses, mules, and cattle only, which vaccine was delivered by the Beaver Drug Company to Barton and by him administered to his sheep in Beaver county causing the death of 82 head. After the case was transferred to Salt Lake county, Barton, before trial, voluntarily dismissed the action without prejudice.

Thereafter he commenced a second action in the district court of Beaver county on the same transaction and identical cause of action, making the Schramm-Johnson, Drugs, the Parke, Davis & Co., and the Beaver Drug Company, defendants, the last-named company being a resident of Beaver county where it was engaged in the retail drug business. Summons was again served on Schramm-Johnson, Drugs, at Salt Lake City, and a pretended service of summons on Parke, Davis & Company at Salt Lake City, and a summons on the Beaver Drug Company. In that complaint, after alleging that Schramm-Johnson, Drugs, is a domestic corporation carrying on a general retail and wholesale drug business in Salt Lake City, that Parke, Davis & Co. is a corporation organized under the laws of Michigan with its principal office and place of business at Detroit, and Beaver Drug Company a domestic corporation doing a retail drug

business at Beaver City, Beaver county, it in substance is alleged that Barton, who was a stockholder of the Beaver Drug Company and interested therein, inquired of that company whether it carried in stock anthrax vaccine for sheep and was told that it did not; that the vaccine was manufactured by Parke, Davis & Co. and that the Beaver Drug Company could procure it in a few days from Schramm-Johnson, Drugs, at Salt Lake City; that Barton thereupon placed an order with the Beaver Drug Company for a sufficient quantity of the vaccine to immunize his herd of sheep, which order was accepted by the Beaver Drug Company and by it agreed to procure the vaccine from Schramm-Johnson, Drugs; that the Beaver Drug Company thereupon telephoned Schramm-Johnson, Drugs, at Salt Lake City for a quantity of vaccine for sheep, which order was accepted by Schramm-Johnson, Drugs; that the Beaver Drug Company thereafter by mail received from Schramm-Johnson, Drugs, a quantity of vaccine purporting to be vaccine for sheep which was by the Beaver Drug Company delivered to the plaintiff as anthrax vaccine for sheep; that Schramm-Johnson, Drugs, and Parke, Davis & Co., in filling the order, negligently and carelessly filled it with anthrax vaccine for horses, mules, and cattle instead of for sheep, which was by the Beaver Drug Company delivered to Barton, who, believing it to be vaccine for sheep, used it in immunizing his herd consisting of about 165 head in Beaver county; and that 82 head died from the use of such vaccine, for which damages were claimed against the three defendants. It also is alleged that it "was dangerous," and so known to Schramm-Johnson, Drugs, to administer to sheep vaccine for horses, mules, and cattle.

The Beaver Drug Company appeared in the action and filed a general demurrer to the complaint. Parke, Davis & Co. appeared specially and filed a motion to quash the service of summons. Neither the demurrer nor the motion to quash had been disposed of when application was made for this writ. Schramm-Johnson, Drugs, appeared, de-

murred to the complaint, and contemporaneously therewith again filed a motion for a change of the place of trial to Salt Lake county as was done in the prior action. The motion was put on grounds that the residence of Schramm-Johnson, Drugs, was in Salt Lake county where was its principal place of business and where it was served with summons; that the alleged cause of action, if any, stated against Schramm-Johnson, Drugs, arose in Salt Lake county wherein it was alleged the negligent acts of filling and mailing the order were committed; and that the ruling made in the prior action transferring the cause to Salt Lake county was res judicata. The motion was based on affidavits the averments of which were not denied, and on the records and files in the cause. It was denied. Hence, this application to require the court to again change the place of trial and transfer the cause to Salt Lake county. The petition for the writ is demurred to. An answer thereto also is filed, but in which about all of the material allegations of fact alleged in the petition are admitted.

The statute, after prescribing the place of trial of designated or enumerated actions of which the kind of action in hand is not included, further, Comp. Laws Utah 1917, § 6531, prescribes that: "In all other cases the action must be tried in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action," etc. By section 6533 it also is provided that when the county designated in the complaint is not the proper county, the place of trial may be changed on motion of the defendant when he appears in the action and demurs or answers and files an affidavit of merits, which here was done.

It is urged by the applicant that no cause of action is stated against the resident defendant, the Beaver Drug Company, and that the case thus stands as though no resident of Beaver county had been made a party defendant; and that the Beaver Drug Company was made a party defendant; and that the Beaver Drug Company was made a party defendant merely to prevent the case from again being

transferred to Salt Lake county. To support that, the petitioner herein cites the following authorities and cases: 27 R. C. L. 804; *Burg* v. *Farmers' Mutual Fire & L. Ins. Co.,* 59 N. D. 407, 230 N. W. 214; *Johnson* v. *Benton,* 73 Cal. App. 571, 239 P. 63; *Hannon* v. *Nuevo Land Co.,* 14 Cal. App. 700, 112 P. 1103; *Coen* v. *Watson,* 105 Cal App. 297, 287 P. 525; *Burt* v. *City of Spearman* (Tex. Civ. App.) 19 S.W. (2d) 96; *City of Dallas* v. *Springer* (Tex. Civ. App.) 8 S. W. (2d) 772. The cases support the view that if no cause of action is stated against the resident defendant, the application for a change of the place of trial is to be considered as though no resident defendant had been made a party defendant. Because of views entertained by us as to where the cause of action arose, it is unnecessary to determine whether the complaint does or does not state a cause of action against the Beaver Drug Company. The more serious question is as to the place or county in which the cause of action arose, whether in Salt Lake county where the alleged acts of negligence were committed, or in Beaver county where the alleged damage or loss occurred, or whether in either Salt Lake county or Beaver county. It is argued by Schramm-Johnson, Drugs, that the cause of action, if any stated in the complaint, is ex contractu, and that the alleged primary right of the plaintiff and the breach thereof both occurred in Salt Lake county; and though the action be regarded as either ex contractu or ex delicto, the alleged primary right of the plaintiff and the act or omission on the part of Schramm-Johnson, Drugs, without which there was no stated cause of action, both occurred in Salt Lake county, and hence the cause of action arose in that county; and the fact that the measure of plaintiff's damage required evidence of matter arising in Beaver county did not affect the place where the cause of action arose. To support that the petitioner cites 40 Cyc. 82; *Guinn* v. *Texas Drug Co.* (Tex. Civ. App.) 219 S. W. 507; *Woodward* v. *Melton,* 58 Mont. 594, 194 P. 154; and *Atkinson* v. *Bonners Ferry Lumber Co.,* 74 Mont. 393, 240 P. 823.

The citation from Cyc. is not of much aid, because of the author's statements taken from cases involving actions different from the present with respect to which the statements were made. The case of *Guinn* v. *Texas Drug Co.*, supra, supports the petitioner's contention that the action here declared on is one for breach of contract and that the cause of action arose in Salt Lake County. The cited cases from Montana did not arise out of contract but tort, and where it was held that the cause of action arose where the tort was committed. On the other hand, it is the contention of the real party defendant herein, of Barton, that the declared cause of action sounds in tort which did not give rise to a complete cause of action until injury resulted from the alleged negligent acts, which injury, as alleged, occurred in Beaver county. To support that he cites 27 R. C. L. 805; 19 C. J. 783; *Ray Wong* v. *Earle C. Anthony, Inc.*, 199 Cal. 15, 247 P. 894, and especially *Peaslee-Gaulbert Co.* v. *McMath's Adm'r*, 148 Ky. 265, 146 S. W. 770, 39 L. R. A. (N. S.) 465, Ann. Cas. 1913E, 392.

Such cases also discuss the proposition that under statutes requiring suit to be brought where the cause of action arises, it is not necessary that the injury for which suit is brought should have wholly occurred within the county in which suit is brought, and where some acts giving rise to a cause of action occurred in one county and other acts in another county, suit may be brought in either county.

From a consideration of the complaint it is not clear whether the action is attempted to be based on contract or tort. For purposes of venue, and venue only, we regard the complaint rather liberally in favor of the pleader, and so regarding it consider it as an attempt to describe or characterize a transaction or cause of action in tort. Whether it states a cause of action in tort or in contract against all or any of the alleged party defendants is another matter. We do not now decide that, nor do we express any opinion concerning it. Thus, merely for purposes of venue, treating the complaint as describing or

characterizing a transaction or cause of action in tort, we are of the opinion that the venue was properly laid in Beaver county. Though the alleged negligent acts of Schramm-Johnson, Drugs—negligently filled and mailed an order of vaccine for horses, mules, and cattle instead of for sheep as ordered—were, as alleged, committed in Salt Lake county, still such acts, if not broken by an intervening cause, may in a sense, considered from a liberal view of the complaint, be regarded as continuing acts resulting in injury to Barton in Beaver county, in which view it may be said the cause of action attempted to be characterized arose and the venue properly could be laid in either county, regardless of whether the resident defendant, the Beaver Drug Company, was made a party defendant or not, and too regardless of whether a good cause of action is or is not stated against Parke, Davis & Co., the nonresident defendant. Of course, if the cause of action against Schramm-Johnson, Drugs, arose only in Salt Lake county, the county of its residence, its privilege to have the place of trial changed to that county could not be defeated by a sham or frivolous pleading making a resident defendant a party defendant, or by a pleading stating no cause of action against a resident defendant, or by allegations of mere conclusions of law, or by averments in bad faith of wholly groundless or unfounded allegations of fact merely to prevent the change of place of trial. Such is clearly shown by the cases heretofore cited. Nor may the joinder of a nonresident defendant to an action, or one on whom no service of summons is had, defeat the privilege of the resident defendant to a change of the place of trial. *Ludington Exploration Co.* v. *Mining Co.,* 4 Cal. App. 369, 88 P. 290; *State ex rel. Wilkins* v. *Tryholm,* 139 Minn. 389, 166 N. W. 533; *Stahl* v. *Broeckert,* 167 Wis. 113, 166 N. W. 653; *Stauber* v. *Stauber,* 200 Ill. App. 137; *Fisher* v. *Fiske,* 96 Okl. 36, 219 P. 683; *State ex rel. Bank* v. *Superior Court.* 116 Wash. 122, 198 P. 744.

In holding as we do that on the face of the complaint filed in Beaver county the venue could be laid in either Beaver or

Salt Lake county, we are somewhat influenced by the decision of *Deseret Irrigation Co.* v. *McIntyre,* 16 Utah 398, 52 P. 628. There the alleged wrongful acts were committed in Sanpete county, but the alleged resulting injury occurred in Millard county, in which case it was held that the cause of action arose in both counties and could be commenced in either and hence was properly commenced in Millard county.

It further is to be noticed that this is an original proceeding in this court by mandamus to compel the district court to grant the change of place of trial. If in a case it be clearly shown it is the plain duty of the district court to grant the change and that the court has no sound legal discretion to do otherwise and refuses to grant it, mandamus will lie to compel the court to change the place of trial. *Hale & Miles* v. *Barker,* 70 Utah 284, 259 P. 928; *Pace* v. *Wolfe,* 76 Utah 368, 289 P. 1102. If, however, such duty is not clear or plain, but is doubtful, or where on a conflict of evidence, or otherwise the district court is clothed with a sound legal discretion to grant or refuse the motion and upon the exercise of such a discretion the motion is denied, mandamus may not be resorted to to undue the ruling and direct the change to be granted. But that does not deprive the litigant against whom the ruling is made from a review thereof on an appeal from a final judgment rendered against him. And so say we here, because of the averments of the complaint upon which the cause of action commenced in Beaver county is founded, it is not clear as to whether the characterized cause of action arose solely in Salt Lake county, or in Beaver county, or partly in one and partly in the other, and hence we do not feel justified in directing the district court to transfer the case to Salt Lake county; but if final judgment of the cause tried in Beaver county goes against Schramm-Johnson, Drugs, it by appeal from the judgment is not precluded from a review of the ruling denying its motion for a change of the place of trial.

Thus, the alternative writ heretofore issued is recalled, and the permanent writ denied, at the petitioner's cost.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.